465 So.2d 78 (1985)
Robette Brickman, Wife of Gary SHURMAN
v.
Coma LEWIS a/k/a Comeaux B. Louis, Deborah D. Moss, and Fireman's Fund Insurance Company.
No. 84-CA-294.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
*79 Ronald W. Morrison, Morrison & Biri, Metairie, for plaintiff-appellee.
A. Gerald Pelayo, Wootan & Miller, New Orleans, for defendant-appellant.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
CURRAULT, Judge.
This appeal arises from a judgment rendered against defendant, Crown Buick, Inc., for negligent repair of an automobile owned by plaintiff, Robette Brickman, wife of Gary Shurman.
The facts reveal that on November 14, 1981, plaintiff, Robette Shurman, was involved in an automobile accident in which she was struck from behind by an automobile owned by Coma Lewis and driven by Deborah D. Moss. The Lewis automobile was insured by Fireman's Fund Insurance Company.
On or about November 19, 1981, Dawkins Claim Service, on behalf of Fireman's Fund Insurance Company, completed an estimate for repair of the automobile belonging to Robette Shurman. This estimate was for One Thousand Eight Hundred Eighty-Three Dollars and Forty Cents ($1,883.40)(later supplemented for an additional $140 worth of repairs). Crown Buick, Inc. agreed to repair the damage to plaintiff's automobile for the amount submitted in the Dawkins Claim Service estimate; and, on December 14, 1981, Robette Shurman presented her damaged automobile for repair pursuant to the terms and provisions of the repair estimate.
On or about May 6, 1982, plaintiff was advised by Crown Buick, Inc. that her automobile had been repaired. However, Mrs. Shurman's inspection of her automobile revealed the alleged repairs to have been performed in an unsatisfactory manner and found, further, items of repair charged for but which were not completed. At that date and time, plaintiff had another adjustor/appraiser inspect the subject car and compile a list of items of corrective work and/or labor charged but not performed. Mrs. Shurman then called upon defendant to complete the repairs.
On May 10, 1982, Mrs. Shurman filed a petition for personal injuries and property damages against Coma Lewis, owner of the automobile that struck Robette Shurman's automobile from behind; Deborah D. Moss, the driver of the Lewis automobile; and *80 Coma Lewis's insurer, Fireman's Fund Insurance Company.
On July 6, 1982, the repairs contracted for between plaintiff and Crown Buick, Inc. had yet to be completed; thus Mrs. Shurman filed a supplemental and amending petition naming Crown Buick, Inc. as a defendant in the alternative with no allegation of liability in solido with the original defendants. The supplemental demand seeks as damages the loss of automobile insurance, loss of value to the automobile during delay in repair, cost of automobile rental and cost of corrective work for work performed by Crown Buick, Inc.
On September 10, 1982, nine months from the time the car was first brought to Crown Buick, Inc., it was tendered to plaintiff as having been satisfactorily repaired. Immediately after the final tender of the automobile, plaintiff again had an appraisal made. That appraisal, dated October 4, 1982, stated that the repairs and/or corrections were still unsatisfactory.
On August 26, 1982, plaintiff entered into a settlement with Fireman's Fund Insurance Company and subsequently dismissed her original demand against Coma Lewis, Deborah D. Moss and Fireman's Fund Insurance Company, but maintained her alternative demand against Crown Buick, Inc.
The action against Crown Buick, Inc. was tried on the merits on March 11, 1983, and judgment was rendered on May 11, 1983, in favor of Robette Shurman and against Crown Buick, Inc., in the amount of One Thousand Eight Hundred Forty-Four Dollars ($1,844) together with interest thereon from date of judicial demand, plus all costs and expert fees.
Defendant Crown Buick, Inc. thereafter perfected this appeal alleging that:
(1) The court was in error in refusing to permit defendant the opportunity to produce and enter at the trial on the merits evidence which would have shown that defendants, Lewis, Moss and Fireman's Fund Insurance Company were obligors in solido with Crown Buick, Inc. and that when plaintiff executed an unconditional release of Lewis, Moss and Fireman's Funds, that pursuant to the Louisiana Civil Code Article 2203, defendant, Crown Buick, Inc., was discharged from any obligation to petitioner.
(2) The May 11, 1983 judgment rendered by the court was in violation of Louisiana Code of Civil Procedure Article 891 and Louisiana case law in that the facts upon which the judgment was rendered were not pleaded in either the original petition or the first supplemental and amending petition.
(3) The May 11, 1983 judgment rendered by the court was contrary to the evidence produced and entered into the record at the trial on the merits and, specifically, in contradiction of the testimony provided by petitioner's expert witness, Mr. John Sharia.
Appellant's first assignment of error raises the issue of whether appellant was discharged from liability through the settlement agreement executed with Fireman's Fund Insurance Company. In this regard, appellant asserts that their liability is in solido with the other defendants and, thus, an unconditional release discharged appellant as well as the original defendants. Thus, appellant contends the trial court erred in refusing to allow evidence at trial to prove these matters. Appellee argues on the other hand that compromise is an affirmative defense which must be set forth in the answer, and as appellant did not assert the defense of compromise in answer, the attempt to introduce evidence during trial was properly refused by the court.
LSA-C.C.P. Article 1005 states that:
"The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense...." (Emphasis added)
*81 In circumstances where causes of action or defenses become exigible after the date of the filing of the original petition or answer, and which are related to or connected with the causes of action or defenses therein, LSA-C.C.P. Article 1155 provides that the court, upon motion of a party upon reasonable notice, and upon such terms as are just, may permit mover to file a supplemental petition or answer. A defendant may also automatically amend his answer within ten days after it has been served, but thereafter the answer may only be amended by leave of court or written consent of the adverse party. LSA-C.C.P. art. 1151. Thus the trial court has much discretion in allowing or disallowing amendments to the pleadings. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 437 So.2d 1196 (La.App. 5th Cir.1983). In Joseph A. Oster & Associates, Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4th Cir.1976), the trial court denied a request to amend in order to assert an affirmative defense raised the day of trial. The appellate court affirmed, finding no abuse of the trial court's discretion under facts which indicated defendant had ample notice and time to request an amendment prior to trial.
In the case herein, the settlement was apparently entered into in August, 1982, and the motion to dismiss the original defendants was filed in September, 1982. Interrogatories filed in December, 1982, and answered in January, 1983, indicate appellant was aware of the settlement with Fireman's Fund Insurance Company at least two months prior to trial in March, 1983. No effort was made by appellant to file a supplemental answer or to request an amendment on that basis prior to trial. On the day of trial, upon cross-examination of appellee, appellant attempted to elicit information regarding the release due to the settlement. Appellee's attorney objected for the reason that compromise is an affirmative defense which must be specially pleaded under LSA-C.C.P. Article 1005. The trial court sustained the objection and denied appellant's request to amend the answer at that time, but allowed a written proffer. The release itself is not contained in the record.
After our review, we find that under these circumstances the trial court did not abuse its great discretion in refusing appellant's evidence as to solidary liability and appellant's possible discharge due to compromise.
Appellant's second assignment of error asserts that the judgment appealed from is not in conformity with the facts pleaded in the original and first supplemental and amending petition.
LSA-C.C.P. Article 1154 provides in pertinent part:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues."
The petition filed by appellee against appellant, Crown Buick, Inc., asserts the failure and delay of appellant to make the repairs as agreed upon. The trial court in judgment awarded appellee One Thousand, Eight Hundred Forty-Four Dollars ($1,844) with interest plus costs and expert fees. In reasons for judgment, the trial court itemized the damages as follows:

 $3,125.00 Value as of November, 1981
 - 1,500.00 Resale amount
____________
 $1,625.00 Lessened resale value
 + 219.00 Insurance premium
____________
 $1,844.00 TOTAL

The court found that the evidence supported an award for the lessened resale value of the car resulting from negligent repairs plus the insurance premium as a result of defendant's "inexcusable delays."
During the trial, evidence regarding appellant's actions in failing to repair certain *82 items, as well as the repairs done but poorly performed, was introduced without objection by appellant. Appellant in fact cross-examined Mr. Shurman on these matters. Thus, the appellant waived any complaint to the enlargement of the pleadings by failure to object at trial. Lauer v. City of Kenner, 445 So.2d 1308 (La.App. 5th Cir.1984); Webster v. Rushing, 316 So.2d 111 (La.1975).
Appellant's final specification of error complains that the evidence does not support the damages awarded by the trial court. In this regard, appellant argues that the court erred in assessing the value of the vehicle as of the accident date in the amount of Three Thousand, One Hundred Twenty-Five Dollars ($3,125) as opposed to the actual cash value of Two Thousand, Three Hundred Dollars ($2,300).
The testimony of Mr. John Sharia, appellee's expert appraiser who inspected the vehicle in May and September, 1982, indicated that the repairs to appellee's car were unsatisfactory both times and that appellee was charged for items not repaired. The vehicle was in appellant's possession from December, 1981 until September, 1982, at which time appellee was forced to take the vehicle back because appellant asserted they were unable to make any further repairs. Appellant's own witness testified that the repairs should have been made within two months and that he could not justify the delay. Mr. Sharia assigned the NADA (Blue Book) value of the car in November (the date of the accident) as Three Thousand, One Hundred Seventy-Five Dollars ($3,175), plus $225, plus $50 and $100 for low mileage, minus an estimated reconditioning cost of $323.85, which resulted in an actual cash value (ACV) of Two Thousand, Nine Hundred Seventy-Five Dollars ($2,975). Another figure of Two Thousand, Three Hundred Dollars ($2,300) ACV in November was clearly an error in calculation. He stated that the ACV is the bottom line value of a vehicle and is calculated by averaging the NADA figure (showroom condition) with three used car dealers' opinions on value. That figure, less reconditioning costs, equals the actual cash value (ACV). He stated that the value fluctuates with the market, but assigned a NADA value in May, 1982 of Three Thousand, Three Hundred Dollars ($3,300), less reconditioning, with the ACV of Two Thousand, Six Hundred Seventy-Five Dollars ($2,675). In September, the NADA was Three Thousand, Fifty Dollars ($3,050) less reconditioning, with the ACV assessed at Two Thousand, Four Hundred Fifty Dollars ($2,450).
After our review, we find no abuse of discretion by the trial court. The sole error pertinent is that the trial court, in reasons for judgment, stated that the value of the car was Three Hundred Dollars ($300) more in November than in May, 1982. The testimony indicated a difference of Five Hundred Dollars ($500), but appellee does not complain of the error, and the error is in appellant's favor. Consequently, we decline to disturb the trial court award.
For the foregoing reasons and after our review of the law and evidence, we hereby affirm the trial court judgment. Costs of this appeal are to be paid by appellant.
AFFIRMED.