531 So.2d 520 (1988)
Beverly A. TASTET
v.
Kendall H. JOYCE, Easy TV Stereo and Rental of New Orleans, Inc. and the Atlantic Companies.
No. 88-CA-177.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 1988.
*521 Nelson J. Cantrelle, Jr., Gretna, for plaintiff/appellee.
Vincent Paciera, Jr., New Orleans, for defendants/appellants.
Before KLIEBERT and WICKER, JJ., and LOUMIET, J. Pro Tem.
WICKER, Judge.
The defendants, Kendall H. Joyce and Atlantic Mutual Insurance Company, appeal an award for future medical expenses, plus interest, in favor of the plaintiff, Beverly A. Tastet. We affirm.
Tastet was injured in an automobile accident on August 28, 1981. Her car was struck from the rear by a van belonging to Easy TV Stereo and Rental of New Orleans, Inc. and being driven by the owner's employee, Kendall H. Joyce, in the course and scope of his employment. Tastet sued Easy TV, Joyce, and their insurer, Atlantic. Easy TV was never served so is not a party to these proceedings.
Discovery, which continued practically up to the date of trial, revealed medical information in Tastet's favor. She moved to amend her petition the morning of trial, increasing the amount of total damages sought from $500,000.00 to $900,000.00.[1] Atlantic and Joyce objected to this amendment because the amount claimed would exceed Atlantic's $500,000.00 policy limit in favor of Joyce and Easy TV. Tastet then verbally amended the petition to claim damages amounting to $500,000.00.[2] Joyce and Atlantic had no objection to this latter amendment.
A judgment was rendered in Tastet's favor after trial, awarding her $459,000.00, broken down as $250,000.00 for past and future physical pain and suffering; $100,000.00 for past and future mental pain and suffering; $104,000.00 for past medicals; and $5,000.00 for future psychiatric treatment and medications. This August 26, 1987, judgment was amended on motions of the parties. A judgment dated November 4, 1987, awarded $250,000.00 for past and future physical pain and suffering; $100,000.00 for past and future mental pain and suffering; $41,315.49 for past medicals; and $75,907.55 for future psychiatric treatment and medications. This amended award totalled $467,223.04.
Atlantic and Joyce do not contest liability, but they complain of the award made for future psychiatric treatment. They claim that (1) the trial court erred in awarding damages for future psychiatric and other medical treatment in the amount of $75,907.55; (2) the trial court erred in awarding legal interest on that portion of the judgment representing future medicals; and (3) the trial court erred in denying their post-trial motion for remittitur and/or a new trial and in granting Tastet's motion to amend the judgment. Atlantic and Joyce have paid everything awarded by the judgment except the $75,907.55 for future psychiatric and medical treatment.
FUTURE PSYCHIATRIC AND MEDICAL DAMAGES
Tastet's injury was originally diagnosed as low back sprain or strain. Her doctors treated her conservatively with analgesics and restrictions on activities. When her *522 condition didn't improve and she continued to complain of back, hip, and leg pains, further diagnostic tests were done. She has undergone chymopapain injections, a diskectomy and fusion, and a foraminotomy. She has probably reached maximum improvement and has a whole body disability of forty-five percent. She will probably need some pain medication and have some restrictions on her activities indefinitely.
Two psychiatrists testified with regard to Tastet's psychiatric condition. Francis A. D'Anzi, M.D., treated Tastet beginning February 8, 1985, for "unpleasant and emotionally painful symptoms." She complained of having cried for a year, and she seemed downtrodden and downcast. D'Anzi admitted Tastet to a hospital for two weeks for psychiatric treatment, and her last office visit was in April of 1985. He actually saw Tastet one-on-one for only 30-45 minutes during this time. The other visits were group or family therapy sessions, sometimes with other therapists. D'Anzi's initial impression was that Tastet was profoundly depressed and psychotic. His final diagnosis was "borderline personality disorder and hysterical personality disorder." He didn't believe that Tastet's accident and resultant physical problems would have caused her psychiatric problems, but he did state that "psychological disturbances can be percipitated [sic] by such a singular traumatic event." He believed that Tastet's basic personality was the problem, and he recommended ongoing marital counseling. Although pressed, he would not concede it more than "possible" that Tastet's accident aggravated her personality disorder to the point that extensive psychiatric treatment would be necessary.
D.F. Carlos, M.D., the other psychiatrist, had treated Tastet since August 1986 through the time of the trial, approximately twelve visits in 1986 and approximately nine or ten visits up until July 1987. He originally diagnosed Tastet as having "major depression with psychotic features being somewhat paranoid." He felt her mental condition had escalated since she was discharged by D'Anzi. He couldn't say what the exact precipitating cause of her problems was, but he did think her back injury was a significant factor in the way things developed over the years. He suspected Tastet would continue to need to be seen for some time (three to four times a year at $80.00 per visit) and might need Prolixin (an anti-psychotic) and Norpramin (an antidepressant) indefinitely, and Xanax (for her nerves) and Halcion (a sleeping pill) as needed. He concluded, "there is no doubt the accident precipitated some factors which caused difficulty in the marriage, difficulty in the family, inability to do the things that she used to do which caused more depression and eventually psychotic depression."
We find no manifest error in the trial judge's conclusion that some award for future medical and psychiatric expenses was justified. The parties agree that the awards of $13,400.00 for future psychiatric care, $6,204.80 for Norpromin, and $10,082.80 for Prolixin are supported by the evidence. Atlantic disagrees that the additional awards of $6,132.00 for Artane, $12,264.00 for Clonopin, $22,995.00 for Xanax, and $4,828.95 for Extra Strength Tylenol are so supported. Atlantic further argues that, even if the record did support these latter awards, Tastet's total recovery for future medicals is limited by stipulation to $105,000.00, less the award for past medical expenses of $41,315.49. Thus, the issue is one of degree.
The record does indicate several stipulations the morning of trial, at the time of Tastet's oral amendment to her petition: the lifetime cost of psychiatric care and certain drugs, should a need for them be proven; a limit on the judgment to the policy limits of $500,000.00, plus interest and costs; and total past medical expenses of $41,315.29. There was discussion concerning Tastet's amendment to demand a total of $105,000.00 for past and future medicals; but there was no stipulation to that effect, although the transcript of the hearing on Tastet's and Atlantic's post-trial motions shows that both parties and the trial judge were unsure as to whether or not a $105,000.00 cap on medicals had been stipulated.
Our reading of the record convinces us that the $105,000.00 figure was an amended *523 demand and not a cap on recovery of past and future medical expenses. Tastet's testimony and that of her witnesses, which proved medical damages in excess of that amount, was admitted without objection from Atlantic. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading." La.C.Civ.P. art. 1154; Shurman v. Lewis, 465 So.2d 78 (La.App. 5th Cir.1985).
We also find there was sufficient evidence of Tastet's need for the drugs Artane, Clonopin, Xanax[3] and Extra Strength Tylenol. Tastet's uncontradicted testimony was that she took Clonopin twice a day, Artane twice a day, "Sanorex" once or twice a day, and Extra Strength Tylenol as needed. The Clonopin, "Sanorex" and Artane had been prescribed by Carlos. Carlos testified that Tastet was taking Xanax for her nerves, although he felt she would probably not have to take it indefinitely but would be able to take it on an as-needed basis. Roy Tastet testified that his wife took "Sanorex" as needed according to Carlos' instructions. Her need for Extra Strength Tylenol was supported by John D. Jackson, M.D., her neurosurgeon, who testified Tastet would probably continue to have some pain and that she was taking Extra Strength Tylenol. The trial judge had the opportunity to observe the witnesses, evaluate them, and resolve any conflicts in the testimony. We will not disturb his findings as we see no manifest error in them. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
INTEREST
Atlantic argues that it is wrong to award judicial interest on future damages since those damages have not yet been incurred, although it admits it can find no Louisiana authority in support of this argument. However, "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, `ex delicto', which may be rendered by any of the courts." La.R.S. 13:4203. No distinction is made between damages which compensate for past losses and those which compensate for future losses. Schackai v. Tenneco Oil Co., 436 So.2d 729 (La.App. 4th Cir. 1983), writ den. 440 So.2d 759 (La.1983). We hold the trial judge's award of interest on the entire amount of the judgment was correct.
POST-TRIAL MOTIONS
Atlantic filed a motion for remittitur; and Tastet filed a motion to amend judgment to correct errors of calculation, to have pleadings conform to the evidence, and for an additur. The trial judge granted Tastet's motion following a hearing on the matter and amended the judgment, recalculating the awards for past and future medical expenses. The reason for the recalculation was the confusion concerning stipulations referred to earlier in this opinion.
Atlantic argues that the trial court should have reduced the judgment or granted a new trial, since there was no proof to support the original judgment. It also argues that the trial judge erred in amending the original judgment without the consent of the parties.
"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: ... (2) To correct errors of calculation." La.C.Civ.P. art 1951. The trial judge did not abuse his discretion in conforming the judgment to the evidence at trial by recalculating the amount of the judgment.
We affirm in all respects the judgment of the trial court and assign payment of costs to Atlantic Mutual Insurance Company.
AFFIRMED.
NOTES
[1] Past and future medical expenses from $50,000.00 to $150,000.00. Past and future pain, mental suffering and disability from $450,000.00 to $750,000.00.
[2] Past and future medical expenses from $50,000.00 to $105,000.00. Past and future pain, mental suffering and disability from $450,000.00 to $395,000.00.
[3] Xanax is the drug alprazolam, used for the treatment of anxiety. We believe that reference to "Sanorex" in the transcript is an error in transcription, since Sanorex is an anorectic drug used for short-term treatment of obesity in connection with diet. See Physician's Desk Reference.