633 So.2d 231 (1993)
Jo Anna Melancon and Leo G. MELANCON
v.
INSURANCE CORPORATION OF AMERICA.
No. 92 CA 1916.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
Eddie J. Lambert, Gonzales, for plaintiffs/appellees.
Daniel Reed, Baton Rouge, for defendant/appellant La. Patient's Compensation Fund (State Agency).
Before EDWARDS, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Defendant, Louisiana Patient's Compensation Fund (i.e., "Patient Fund") appeals a judgment of the district court rendered in response to a rule to compute interest on judgment filed by plaintiffs.
Three issues are presented for our review: (1) Did the trial court err in its amendment of a final definitive judgment? (2) Did the trial court err in setting the time from which legal interest was to accrue? (3) Did the trial court err in its calculation of payment of the judgment in this case?
*232 The facts out of which this conflict arises are not in dispute.
This is a medical malpractice action instituted by the Melancon family against Dr. Clifton W. Shepard, his insurer, Insurance Corporation of America, and the Louisiana Patient Compensation Fund on or about August 21, 1986. Following a bench trial, judgment was rendered on July 6, 1990, and amended July 16, 1990 in favor of the plaintiffs, against all defendants, for "the sum of One Hundred Forty-eight Thousand Six Hundred Twenty-eight and 86/100 ($148,628.86) Dollars, together with legal interest thereon from the date of judicial demand until paid ...".[1] (Emphasis Added). On July 20, 1990, Dr. Shepard and his insurer paid their limits of liability, $100,000. On December 27, 1991, this Court affirmed the district court judgment. On February 25, 1992, the Patient Fund tendered $122,479.00, the sum it calculated it owed. Plaintiffs filed the subject rule to compute interest. On April 13, 1992, the district court rendered judgment on the rule ordering interest to run from July 31, 1985, and further ordering that the sum of $100,000, paid by Dr. Shepard and his insurer, be applied first to judicial interest and then to principal.
Amendment of the Judgment; Legal Interest-Effective Date
In its first assignment of error defendant contends that the trial court erred in amending a final definitive judgment, and in the second assignment of error that the trial court erred in concluding that the "date of judicial demand" was the date of filing the complaint with the Medical Review Panel, not the district court. We agree.
The judgment rendered following the trial of this matter, provided "for legal interest... from the date of judicial demand until paid." That judgment was affirmed by this Court and became final on December 27, 1991. Thus, defendant argues that an amendment of that judgment, on April 13, 1992, to provide that "judicial interest shall commence as of July 31, 1985" was in error.
The Louisiana Code of Civil Procedure provides for amendment of a final judgment in certain limited instances:
La.C.C.P. Art 1951. Amendment of judgment
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
In this case the original judgment specified that interest was to run from "the date of judicial demand" and the amended judgment specified a certain date. The date chosen by the court was July 31, 1985. In its reasons for judgment the trial judge indicated that this date was chosen because, at least by this date, the plaintiffs' complaint had been lodged with the Medical Review Panel. Consequently, July 31, 1985 is the date of judicial demand.
We do not agree with the trial judge's conclusion that there was no change in the substance of the judgment, but merely an interpretation of the judgment's phraseology.
The trial court correctly found that the running of interest is controlled by La.R.S. 40:1299.47(M), which provides:
R.S. 40:1299.47 Medical Review Panel
(M) Legal interest shall accrue from the date of filing of the complaint with the board on a judgment rendered by a court in a suit for medical malpractice brought after compliance with this Part.
However, the trial court concluded that the "date of judicial demand" is the date of filing with the Medical Review Panel. This conclusion is incorrect.
Ferguson v. Lankford, 374 So.2d 1205 (La., 1979), involved the issue of interruption of prescription against the hospital and physician who were solidary obligers. The argument was made that the complaint filed by plaintiff with the Medical Review Panel against the defendant-member hospital interrupted *233 prescription as against the defendant non-member physician as well. In rejecting this argument, the Louisiana Supreme Court held that prescription was not interrupted as against the non-member physician under La. C.C. Art. 2097 because "there was no suit, in any court." Ferguson v. Lankford, id., at 1208.
Based upon the conclusion reached by the Louisiana Supreme Court in Ferguson, id. a complaint filed with the Medical Review Panel is not a "judicial demand" since it is not a "suit" filed in a court. The state's medical malpractice act clearly provides that when judgment is rendered by a court in a medical malpractice case "legal interest shall accrue run from the date of the filing of the complaint with the Board." La.R.S. 40:1299.47(M). However, the judgment rendered here did not so provide. That judgment was appealed by defendant, and the plaintiffs did not answer the appeal and complain of the judgment in that respect. Consequently, the judgment was affirmed and became final.
The trial judge erred in concluding that legal interest in this case was to accrue from the date the complaint was filed with the Medical Review Board.
CALCULATION OF PAYMENTS
The trial court held that the $100,000 payment, made by the defendant physician and his insurer, on July 20, 1990 should be imputed first to judicial interest and then the balance applied to reduce the principle amount of the judgment.
The defendant contends that this is an erroneous application of the payment. Defendant alleges that where two solidary obligers are liable for different portions of a single debt, payment must be imputed first to the satisfaction of the payor's portion of the debt. Defendant contends that Lone Star v. American Chemical, Inc., 480 So.2d 730 (La., 1986), on rehearing, 491 So.2d 1333 (La.1986), supports his position. We disagree.
In Lone Star, id., one debt existed with two co-debtors. However, the capacity of the co-debtors differed from the present case. In Lone Star, id., one co-debtor was both a judgment debtor and a surety. It was on the basis of this later status that the court's determination of the allocation of payment of a portion of the judgment was made. Clearly the facts of Lone Star are distinguishable from this case.
As correctly found by the trial court judge this matter is governed by La.C.C. Art. 1866 which provides:
Art. 1866. Payment imputed to interest
An obligor of a debt that bears interest may not, without the obligee's consent, impute a payment to principal when interest is due.
A payment made on principal and interest must be imputed first to interest.
In the case of Payton v. Colar, 518 So.2d 1104 (La.App., 4th Cir., 1987) the court discussed the application of a partial payment on a judgment against multiple solidary obligers. In Payton, id. at 1106-1107 the court stated:
... we conclude that a tort judgment bearing judicial interest is a `debt that bears interest' within the meaning of LSA-C.C. Art. 1866 and that a judgment debtor may not, without the obligee's consent, impute a payment to principal when interest is due. Thus, a partial payment on a tort judgment must be imputed first to judicial interest before it can be applied to reduce the principal amount of the judgment.
* * *
Having determined that LSA-C.C. Art. 1866 applies in the instant case, we conclude that the payment made by defendant on March 1, 1985 should have first been applied to satisfy the interest owed, and the remainder, if any, applied to reduce the principal.
We find no error in the ruling of the trial court judge.
For the reasons assigned, the judgment of the trial court is affirmed in part, and reversed in part. Costs of this appeal shall be shared equally by the appellant and appellees.
*234 AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] Of the sum awarded, Dr. Shepard and his insurer were ordered to pay $100,000 and the balance was to be paid by the Patient Fund.