jiCANNELLA, Judge.
The issue presented in this case is whether a final judgment providing for “interest earned on the money” can be “interpreted” to mean the statutory rate of interest provided by law. The trial court ruled that such an “interpretation” of the judgment is actually a “modification” of a final judgment, which is not permitted. For the reasons which follow, we affirm.
This case has been before this court on two prior occasions, on different issues. St. Charles Parish Sch. Bd. v. La. Power & Light, 465 So.2d 93 (La.App. 5th Cir.), units denied, 466 So.2d 1302 (La.1985); and Louisiana Power and Light v. St. Charles Parish Sch. Bd., 597 So.2d 578 (La.App. 5th Cir.), writs denied, 604 So.2d 1316 (La.1992). The facts involved are set out therein in detail and will not be repeated here except insofar as they are pertinent to the issues before us.
The action originated as a rule for taxes filed by the St. Charles Parish School Board (School Board), the local taxing authority, against Louisiana Power & Light Company (LP & L) and Combustion Engineering (C.E.). After service of the rule, LP & L and C.E. sought to pay the amount demanded, under protest. The School Board, citing La.R.S. 47:1561 which prohibits the payment under protest in certain circumstances, declined to accept the Igpayment. Ultimately the district court ordered the School Board to accept payment under protest and this *762 court affirmed that ruling. St. Charles Parish School Bd. v. Louisiana Power and Light, supra.
After payment was accepted, LP & L filed a petition for refund of the taxes paid under protest, plus legal interest.[1] The trial court found that LP & L was entitled to a refund of the payments made under protest and rendered judgment, in pertinent part, providing:
IT IS ORDERED, ADJUDGED AND DECREED that the Taxpayers be reimbursed for the sale/use taxes paid under protest and for the interest earned on the money; ...
The School Board appealed and this court affirmed the judgment. Louisiana Power and Light v. St. Charles Parish Sch. Bd., supra. The School Board sought writs in the state Supreme Court and writs were denied on October 2, 1992. Louisiana Power and Light v. St. Charles Parish Sch. Bd., supra.
On October 14, 1992, after the judgment became final, LP & L sent a demand letter to the School Board requesting the refund of the taxes paid under protest and interest computed at the statutory rate in accordance with La.R.S. 33:2718. The School Board refused to refund interest at the statutory rate and instead computed the interest according to the bank rate that was actually earned and paid on the money. (The School Board had deposited the tax payments made under protest into four interest bearing escrow accounts.) The School Board issued four checks to LP & L based on its calculations of earned interest, and by agreement between both parties, LP & L accepted and negotiated the checks, reserving its right to contest the interest computation.
On November 10, 1992, LP & L filed a Rule For Interpretation Of Judgment. On motion of the School Board, Judge Joel Chaisson, lathe trial judge that rendered the judgment, recused himself and the case was reallotted to Judge Mary Ann Vial Lemmon. Oral argument on the rule was heard on February 17, 1993 and judgment was rendered on February 25, 1993 dismissing the rule. Therein the court found that “the relief sought by movers would require modification, not interpretation, of the Judgment filed herein on the 26th day of April, 1991, and that such modification was possible only by appeal.”
LP & L sought writs from that ruling which were granted by this court. The record was lodged and briefs were submitted.
LP & L argues that under La.R.S. 33:2718(A) interest is due on any refund for taxes paid under protest at the legal rate provided by law. Therefore, LP & L argues that since the legal rate of interest is statutorily required, the judgment in question should be so “interpreted” to require it.
The School Board argues that the trial court was correct in finding that the relief LP & L seeks is not for an “interpretation” of the judgment, but rather a “modification” of a final judgment which is not permissible. The School Board contends that, even if LP & L were correct about them interpretation of the statutory provisions, which the School board does not concede, the judgment in question nevertheless expressly provided that the taxpayer should be reimbursed only for “the interest earned on the money.” Whether legally correct or not, the School Board argues, the judgment is final and only enforceable as written. Furthermore, the School Board argues that under La.R.S. 33:2718(B), LP & L could have been awarded no interest on the refund if it were determined that the taxpayer deliberately overpaid a tax in order to derive the benefit of the interest allowed by law. Therefore, the judgment as written was within the legal authority of the trial court. In the alternative, the School Board argues that LP & L is not entitled to the “interpretation” it seeks without giving the school board an opportunity to prove that LP & L is due no interest. We agree with the School Board.
UThe judgment in question provided for reimbursement of “the interest earned on the money.” This judgment is final. The substance of a final judgment may not be amended. La.C.C.P. art. 1951. The terms *763 “legal interest” and “interest earned” are different terms with distinctly different meanings. The trial court used the term “interest earned”, whether legally correct or not, and that judgment is now final. Relator’s remedy, in order to obtain “legal interest”, if it were dissatisfied with the judgment as written, was either by motion for new trial or by appeal. LP & L sought neither. To hold now that LP & L is entitled to “legal interest” would be to allow a substantive amendment of a final judgment, contrary to law.
Furthermore, as pointed out by the School Board, it did not appeal the interest award because it was satisfied with paying the “interest earned” as provided in the judgment. The court cannot now change the judgment to “legal interest” without affording the School Board the opportunity to establish that, under La.R.S. 33:2718(B), no interest is due on the refund.
Accordingly, we find no error in the trial court’s action, dismissing relator’s Rule for Interpretation of Judgment, as requiring an impermissible “modification” of the judgment, rather than an interpretation, and we affirm that ruling.

AFFIRMED.

BOWES, J., dissents with reasons.

. LP & L also included in its petition a request for a declaratory judgment concerning their liability for future taxes. That portion of the case is not relevant to the matter before us here.