DUFRESNE, Judge.
Lorena Ard and her daughter, Sheila Ard filed suit against East Jefferson General Hospital, Inc., for the wrongful death of their husband and father. The facts of this tort suit are undisputed. The sole issue before us is the Ards’ contention that judicial interest was incorrectly calculated.
On May 7, 1985, Ards filed suit in the 24th Judicial District Court against East Jefferson General Hospital for damages arising from the negligence of the hospital which caused the death of Devon Ard. On May 8, 1985, the Ards filed their complaint seeking a Medical Review Panel, and shortly thereafter the lawsuit in the 24th Judicial District Court was dismissed as premature. After the decision of the Medical Review Panel, the Ards refiled their tort suit in the 24th Judicial District Court against East Jefferson Hospital on June 24, 1988. The trial court rendered a judgment on April 23, 1993, which was later amended and as amended, was affirmed by this court on April 14, 1994.
The final judgment was in favor of the Ards in the sum of $200,000.00, plus costs and expert fees, together with judicial interest from the date of judicial demand.
On June 22, 1994, East Jefferson Hospital paid the Ards $127,183.56, pursuant to the Medical Malpractice Act [ (LSA-R.S. 40:1299.42B(2) ] which limits the health care provider’s liability to $100,000.00 plus accrued judicial interest on that sum from April 1, 1991.
On June 23, 1994, the Ards accepted a total of $199,213.15 from the Louisiana Patients’ Compensation Fund. The Ards contend that amount represented the judgment with interest up to June 24, 1988, and that three years of accrued interest is owed. The PCF filed a motion to set judicial interest and costs on June 22, 1994. The trial court rendered a judgment in favor of PCF, from which the Ards have appealed.
As stated earlier, the sole issue before this court is the date from which the PCF owes interest. The Ards argue that by not deeming the date of the judicial demand to stem from either of the simultaneously filed claims of May 7, 1985, the trial court was clearly in error. The Ards contend that they are entitled to 3 years of accrued interest from the date of the original lawsuit was filed, May 7, 1985, to June 24, 1988, the date of the refiling. We disagree and affirm the judgment of the trial court.
Judicial interest accrues from the date the Ards’ tort suit was filed which resulted in a final judgment. In this case the original lawsuit filed on May 7, 1985 was subsequently dismissed as premature and interest can only be payable from the final judgment which has its genesis on June 24, 1988.
*716 The original filing must not be considered as the point where this case judicially arose, rather the refiling on June 24, 1988, resulted in a final judgment. Melancon v. Insurance Corporation of America, 633 So.2d 231 (La.App. 1st Cir.1993).
Neither does filing a complaint with the Medical Review Panel establish the date of Judicial demand. In Ferguson v. Lankford, 374 So.2d 1205 (La.1979), the Supreme Court addressed this issue and reasoned as follows at page 1208:
“In order now to say that a claim, timely filed against health care providers, one “qualified” and one not “qualified,” interrupts prescription running in favor of both, it would be necessary to hold that a proceeding under the Medical Malpractice Act is equivalent to a suit. It is not.”
We recognize that LSA-R.S. 40:1299.47 allows the calculation of interest from the date of filing of the complaint seeking a Medical Review Panel, however, here the Ards prayed for interest from the date of judicial demand in their petition for damages.
Accordingly, we hold that the only date of “judicial demand” is the filing on June 24, 1988, of the lawsuit which is the subject of this appeal. For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.