WALTER J. ROTHSCHILD, Judge.
 

 |2In this automobile accident case, plaintiff appeals from two amended judgments rendered by the trial court. For the reasons stated herein, we set aside the amended judgments and remand the case for reinstatement of the original judgment as amended by this Court.
 

 On March 21, 2002, plaintiff, Michael O’Brien, was driving a 2002 Yukon Denali owned by Avondale Container Yard, LLC, in a westerly direction on Lapalco Blvd. in Jefferson Parish. At the same time, defendant Darlene Hoff was driving in an easterly direction on Lapalco Blvd. when she lost control of her vehicle and struck the vehicle being driven by Mr. O’Brien. Mr. O’Brien sustained physical injuries as a result of the accident, and the vehicle owned by Avondale was severely damaged. Mr. O’Brien and Avondale filed this suit against Hoff and her insurer, Allstate Insurance Company, to recover for their losses.
 

 The matter proceeded to a bench trial on November 28, 2007. Defendants stipulated to liability and to the terms of the applicable insurance policy. The parties also submitted evidence of the vehicle damage and the medical records of Mr. O’Brien. In addition, Avondale submitted expert testimony regarding the diminished value of the vehicle following its repair.
 

 |sFollowing trial, the trial court rendered Judgment with Reasons in favor of plaintiff and against the defendants, awarding Michael O’Brien the sum of $4,500.00 for general damages and the sum of $1,136.15 for medical expenses. In its reasons, the court stated that Mr. O’Brien was treated for “approximately 9 weeks by various medical providers at a cost of $1,136.15.” Additionally, the court rendered judgment in favor of Avondale in the sum of $25,000.00 for the diminished value of the vehicle.
 

 On December 4, 2007, within the delay for application for a new trial, the trial
 
 *804
 
 court issued an Amended Judgment with Reasons which awarded plaintiff legal interest on the judgment. In all other respects, the amended judgment with reasons was identical to the original judgment and reasons.
 

 Shortly thereafter, on December 12, 2007, the trial court issued a Second Amended Judgment with Reasons indicating that the first judgment calculated nine weeks of medical payments instead of two weeks of medical treatment. The court thus provided in the reasons for the amended judgment that the plaintiff was treated for “approximately 2 weeks by various medical providers at a cost of $1,136.15.” Further, the judgment provided that Michael O’Brien be awarded the sum of $1,000.00 for general damages, rather than the $4,500.00 in general damages provided in the original judgment.
 

 Mr. O’Brien and Avondale subsequently appealed from the judgments of December 4, 2007 and December 12, 2007. Defendants Darlene Hoff and Allstate also filed an appeal from the trial court’s judgment with regard to the property damage award. On motions of the parties, the appeals of Avondale and of Darlene Hoff and Allstate were dismissed. The only remaining issues before this Court are those advanced by Michael O’Brien. Mr. O’Brien argues that the amendments of [4the judgment by the trial court on its own motion resulted in substantive changes and are therefore improper. We agree.
 

 La. C.C.P. art. 1951 governs the amendment of judgments and provides:
 

 A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
 

 (1) To alter the phraseology of the judgment, but not the substance; or
 

 (2) To correct errors of calculation.
 

 Defendants argue that the amended judgment rendered on December 12, 2007 is permissible as it corrects an obvious clerical error of stating that plaintiff was treated for 9 weeks rather than 2. Defendants contend that the actual length of time of treatment may be obtained from the trial record, and the trial court did not abuse his discretion in conforming the judgment to the evidence at trial by recalculating the amount of the judgment.
 

 Defendants rely on
 
 Tastet v. Joyce,
 
 531 So.2d 520, 523 (La.App. 5 Cir.1988) in which a panel of this Court upheld an amended judgment which recalculated plaintiffs award of damages based on evidence presented at trial. However, unlike the present case, the plaintiff in the
 
 Tastet
 
 case filed a motion to amend the judgment to correct errors in calculation and the trial court only granted the motion after a hearing on the matter. The record before us does not contain either a motion to amend or a motion for new trial filed by the parties. Rather, the record indicates the trial court amended the judgment on its own motion.
 

 In
 
 Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc.,
 
 96-309 (La.App. 5 Cir. 10/16/96), 683 So.2d 836, 838-39, this Court stated:
 

 1 fiThus, a judgment may be amended by a trial court where the judgment takes nothing away from or adds nothing to the original judgment.
 

 As a general rule, a final judgment is not subject to substantive amendment by the trial judge on his own motion or motion of any party. In such an event, the proper recourse is a timely application for new trial or an appeal. The district court may grant a limited or unlimited new trial, but until it does, it
 
 *805
 
 cannot modify its previous judgment as to substance.
 

 Further, in
 
 Rhodes v. Rhodes,
 
 97-912, p. 4 (La.App. 5 Cir. 3/11/98), 708 So.2d 1240, 1242, this Court followed the holding in
 
 Alliance for Good Government, supra,
 
 and stated that the usual remedy for an amendment as to substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment.
 

 The amended judgment dated December 4, 2007 added an award of legal interest in favor of plaintiff. An amendment to a final judgment to add interest is a substantive change which is not permitted pursuant to La. C.C.P. art. 1951.
 
 Odom v. City of Lake Charles,
 
 00-1050 p. 2 (La.App. 3 Cir. 1/31/01), 790 So.2d 51, 63,
 
 writ denied,
 
 01-1198 (La.6/22/01), 794 So.2d 787.
 
 [1]
 
 However, in that case, the court found that because an award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid citing La. C.C.P. art. 1921 and La. R.S. 13:4203, the judgment could be amended by the appellate court to provide for an award of legal interest.
 
 See also, Louisiana Power & Light Co. v. Parish School Bd. of Parish of St. Charles,
 
 93-249 (La.App. 5 Cir. 2/11/94), 639 So.2d 760, 763,
 
 writ denied,
 
 94-604 (La.4/22/94), 640 So.2d 1317, (wherein a panel of this Court found that an award of legal interest would be to allow a substantive amendment of a final judgment, contrary to law.)
 

 | (¡The amended judgment dated December 12, 2007 changes the length of treatment as stated in the court’s reasons from 9 weeks to 2 weeks, and then reduces the general damage award to plaintiff from $4,500.00 to $1,000.00, presumably to re-fleet the shorter length of treatment. However, a reduction of the general damage award constitutes an alteration of the substance of the original judgment and is therefore prohibited by the express language of La. C.C.P. art. 1951.
 
 See, Airline Skate Center, Inc. v. Cieutat,
 
 99-525, p. 10 (La.App. 5 Cir. 12/21/99), 759 So.2d 813, 817,
 
 writ denied,
 
 00-1210 (La.6/2/00), 763 So.2d 606, (in which a panel of this Court held that because the amended judgment granted plaintiff the additional relief of a money judgment, it clearly altered the substance of the original judgment and was therefore invalid.);
 
 See also, Bougeois v. Kent,
 
 02-2785, p. 5 (La.5/20/03), 846 So.2d 692, 696, (in which the Louisiana Supreme Court held that the trial court was without authority to amend a judgment to restate the damage award although the original judgment was signed inadvertently.)
 

 Accordingly, as both of the amended judgments made substantive changes in violation of the prohibition contained in La. C.C.P. art. 1951, we find that both of these judgments are null and void and must be set aside. Based on application of Louisiana law, we amend the original judgment to provide for an award of legal interest from the date of judicial demand. Further, the matter is hereby remanded to the trial court for reinstatement of the original judgment dated November 28, 2007, following which defendants may apply for a new trial within applicable delays set forth in the Code of Civil Procedure.
 

 AMENDED JUDGMENTS SET ASIDE; ORIGINAL JUDGMENT AMENDED; CASE REMANDED.
 

 [1]
 

 . A Louisiana court has recently held that an amendment of a final judgment to assess costs is an impermissible substantive change.
 
 Mack v. Wiley,
 
 07-2344, p. 7 (La.App. 1 Cir. 5/2/08), 991 So.2d 479, 486.