40 So.3d 261 (2010)
Todd SUPRUN
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, et al.
No. 2009 CA 1555.
Court of Appeal of Louisiana, First Circuit.
April 30, 2010.
*262 Ralph L. Fletcher, Fletcher & Roy, L.L.C., Baton Rouge, LA, Attorney for Plaintiff-Appellee, Todd Suprun.
Stacey Moak, Christopher A. Mason, Baton Rouge, LA, Attorneys for Defendants-Appellants, Louisiana Farm Bureau Casualty Insurance Co. and Chad Williams.
Before PARRO, KUHN, and McDONALD, JJ.
*263 PARRO, J.
The defendants appeal two related judgments that involve motions to tax costs and to set judicial interest, as well as the legal effect of an offer of judgment made by the defendants. For the following reasons, one judgment is set aside in part and the other judgment is affirmed.

Factual Background and Procedural History
On December 7, 2002, Todd Suprun (Suprun) was stopped at a red traffic signal in his pickup truck when he was hit from behind by a vehicle driven by Chad Williams (Williams). At the scene of the accident, Suprun denied being injured; however, he began experiencing headaches and neck pain shortly after, for which he began receiving treatment from a chiropractor on January 8, 2003. Suprun filed suit against Williams, Williams' insurer, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), and others to recover for his injuries. On October 30, 2006, prior to a jury trial on the merits, Farm Bureau and Williams (collectively referred to as Farm Bureau) submitted an offer of judgment for $22,465.90, which was rejected by Suprun. (r399)
After a trial, the jury awarded $16,171.40 in favor of Suprun against Farm Bureau. From the resulting judgment dated February 1, 2007, Suprun appealed to this court. Although Suprun had back surgery to remove an extruded disc fragment and incurred over $30,000 in medical expenses, the jury awarded only $10,371.40 for the medical expenses. It also awarded $800 for past lost wages and $5,000 for past and future physical pain and suffering, while declining to make an award for past and future mental anguish or loss of enjoyment of life. On appeal,[1] Suprun assigned error to the monetary awards, urging that the record supported a much greater award in all categories.[2] Notably, the February 1, 2007 judgment also ordered Farm Bureau to pay "interest from the date of judicial demand until October 30, 2006," which amounted to $3,090.62. This portion of the judgment was not challenged by Suprun on appeal.
After a thorough review of the record, this court concluded that there was a rational basis for the jury's decision to award less than the full amounts claimed by Suprun. Accordingly, the judgment was affirmed. See Suprun v. Louisiana Farm Bureau Mutual Insurance Company, 08-0241 (La.App. 1st Cir.9/12/08), 992 So.2d 593 (unpublished opinion). Suprun did not apply for a rehearing with this court or a writ of certiorari with the supreme court. Therefore, the February 1, 2007 judgment became final and definitive. See LSA-C.C.P. art. 2166(A).
Subsequently, in connection with the offer of judgment that was made prior to trial, Farm Bureau filed a "Rule to Tax Costs and Motion to Set Final Judgment." (r389) In its filing, Farm Bureau asserted a claim for post-offer costs in the amount of $13,827.20 ($11,857.69 in costs plus $1,969.51 in judicial interest) pursuant to LSA-C.C.P. art. 970(C), leaving an alleged judgment balance of $5,434.82[3] payable to Suprun.
*264 Suprun responded by filing a "Motion and Order to Tax Court Costs and Judicial Interest from Date of Judicial Demand until the Judgment is Paid Against Chad Williams and Louisiana Farm Bureau Casualty Insurance Company." (r449) Then, Farm Bureau filed a "Petition for Concursus" relative to the contested portion, $13,827.20, of the trial court judgment, pending a determination of the amount due to Suprun after adjudication of its rule. (r451) The trial court denied the petition for concursus based on the fact that the total amount due was unknown at that time. (r457)
Pursuant to these motions, the trial court by judgment dated March 5, 2009, awarded $4,098.66 in court costs and expert witness fees to Suprun, ordered that its February 1, 2007 judgment be amended to order payment of judicial interest from the "date of judicial demand until the February 1, 200[7] Judgment is paid," and denied Farm Bureau's rule to tax costs and its request for enforcement of the offer of judgment. (r475) In a motion for new trial, Suprun sought to have the March 5, 2009 judgment amended to accurately reflect court costs and expert fees as follows: (r478)

 Awarded Actual
Court Costs, 19th JDC 1,252.30 1,327.30
Expert fee, Dr. Martello 1,500.00 1,500.00
Expert fee, Dr. F. Alien Johnston 900.00 900.00
Videographer, Dr. Johnston
deposition 150.00 455.00
Baton Rouge Court Reporter, Dr.
Johntson deposition 296.36 296.35
 __________ __________
 $4,098.66 $4,478.65

In his motion for new trial, Suprun also sought to have the trial court declare that Farm Bureau's offer of judgment did not meet the strict service requirements of LSA-C.C.P. arts. 970(A) and 1313(B) and that Farm Bureau had failed to prove that Suprun acted unreasonably in rejecting the offer of judgment. (r480) A motion for new trial regarding the March 5, 2009 judgment was also filed by Farm Bureau, which sought reversal of the trial court's ruling on the motions. (r487)
The trial court denied Farm Bureau's motion for a new trial, but granted Suprun's motion. In a judgment dated May 12, 2009, the court amended its award of costs and expert fees as requested by Suprun and also provided for the recovery of $285.35 in medical records costs. (r491) Thus, the award of costs and fees was increased from $4,098.66 to $4,764.[4] Notably, the judgment dated May 12, 2009, did not address the issues raised by Suprun relating to the offer of judgment; however, the trial court, in oral reasons, stated that Farm Bureau's offer of judgment failed as a matter of law since it did not comply with the service requirements outlined in LSA-C.C.P. arts. 970(A) and 1313(B). The trial court observed that Farm Bureau failed to offer a certificate of the manner in which service was made. (r521) Farm Bureau appealed the March 5, 2009 judgment and the May 12, 2009 judgment.

Offer of Judgment
On October 30, 2006, Farm Bureau sent a facsimile to Suprun's counsel, which in pertinent part provided: (r399)
For the reasons above Farm Bureau makes this offer of judgment pursuant to La. C.C.P. Article 970, without any admission of liability.
In the spirit of compromise, Farm Bureau is willing to offer $22,465.90, inclusive of all medical bills, ledger court *265 costs, and any other amounts, except judicial interest, which may be awarded pursuant to statute or rule, in full settlement of Mr. Todd Suprun's claims for damages against Farm Bureau and its insured, in the above referenced suit. This offer of judgment includes all claims made against Farm Bureau and its insured, in the above referenced suit including, but not limited to, claims made pursuant to La. R.S. 22:658 and/or 22:1220.
Please respond to this offer of judgment within ten (10) days of receipt of the same. If the offer is not accepted within the above time, it will be deemed withdrawn.
(Emphasis added). Concerning an offer of judgment, LSA-C.C.P. art. 970 provides:
A. At any time more than thirty days before the time specified for the trial of the matter, without any admission of liability, any party may serve upon an adverse party an offer of judgment for the purpose of settling all of the claims between them. The offer of judgment shall be in writing and state that it is made under this Article; specify the total amount of money of the settlement offer; and specify whether that amount is inclusive or exclusive of costs, interest, attorney fees, and any other amount which may be awarded pursuant to statute or rule. Unless accepted, an offer of judgment shall remain confidential between the offeror and offeree. If the adverse party, within ten days after service, serves written notice that the offer is accepted, either party may move for judgment on the offer. The court shall grant such judgment on the motion of either party.
B. An offer of judgment not accepted shall be deemed withdrawn and evidence of an offer of judgment shall not be admissible except in a proceeding to determine costs pursuant to this Article.
C. If the final judgment obtained by the plaintiff-offeree is at least twenty-five percent less than the amount of the offer of judgment made by the defendant-offeror or if the final judgment obtained against the defendant-offeree is at least twenty-five percent greater than the amount of the offer of judgment made by the plaintiff-offeror, the offeree must pay the offeror's costs, exclusive of attorney fees, incurred after the offer was made, as fixed by the court.
D. The fact that an offer is made but not accepted does not preclude a subsequent offer or a counter offer. When the liability of one party to another has been determined by verdict, order, or judgment, but the amount or extent of the damages remains to be determined by future proceedings, either party may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than thirty days before the start of hearings to determine the amount or extent of damages.
E. For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer.
F. A judgment granted on a motion for judgment on an offer of judgment is a final judgment when signed by the judge; however, an appeal cannot be taken by a party who has consented to the judgment.
*266 Under the facts of this case, Article 970 essentially provides that post-offer costs shall be awarded to a defendant-offeror whose pre-trial offer is rejected and the final judgment obtained by the plaintiff-offeree is at least 25 percent less than the offer. See LSA-C.C.P. art. 970(C). Article 970 is punitive in nature and its function is to compensate the rejected offeror who is forced to incur greater trial litigation costs that could have been avoided if the offeree had not acted unreasonably in rejecting the offer. Held v. Aubert, 02-1486 (La.App. 1st Cir.5/9/03), 845 So.2d 625, 636. Statutes that authorize the imposition of a penalty are to be strictly construed. Id.; see Crawford v. United Service Auto. Ass'n, 03-2117 (La.App. 1st Cir.3/24/05), 899 So.2d 668, 671.
Based on the terms of Article 970, Farm Bureau contends that Suprun's recovery should be limited and that it is entitled to recover post-offer costs pursuant to paragraph C. After performing the math, the trial court disagreed. The February 1, 2007 judgment provided for the following awards in favor of Suprun:

$10,371.40 past medical expenses
 800.00 past lost wages
 5,000.00 past and future physical pain and suffering
$16,171.40 total damage award, exclusive of costs

The amount offered by Farm Bureau was $22,465.90. Seventy-five percent of that amount is $16,849.43, which is exactly 25 percent less than the amount of the offer. Thus, Farm Bureau contends the total damage award of $16,171.40 was at least 25 percent less than the amount of the offer, and was less than 25 percent by $678.03.[5] Accordingly, Farm Bureau urges that it is entitled to costs under LSA-C.C.P. art. 970(C). Based on the language of its offer of judgment, we disagree.
Louisiana Code of Civil Procedure article 970(E) provides:
For purposes of comparing the amount of money offered in the offer of judgment to the final judgment obtained, which judgment shall take into account any additur or remittitur, the final judgment obtained shall not include any amounts attributable to costs, interest, or attorney fees, or to any other amount which may be awarded pursuant to statute or rule, unless such amount was expressly included in the offer. (Emphasis added.)
The offer of judgment in this matter clearly states that the amount of the $22,465.90 offer included damages, as well as "medical bills, ledger court costs, and any other amounts, except judicial interest, which may be awarded pursuant to statute or rule." So in evaluating the applicability of LSA-C.C.P. art. 970(C), we are not confined to the monetary awards made in the February 1, 2007 judgment. Although the amount of medical expenses, lost wages, and general damages, to which Suprun was entitled, was set in the February 1, 2007 judgment, the amount of "costs" to which he was entitled was not fixed at that time. Notably, that judgment specifically provided that "COURT COSTS [WOULD] BE DETERMINED AT A SEPARATE HEARING." (r332)
As the prevailing party in his personal injury action against Farm Bureau pursuant to the February 1, 2007 judgment, Suprun was entitled to recover costs. See LSA-C.C.P. art. 1920. And, according to the offer of judgment, Suprun was entitled to have the trial court's subsequent award of "ledger court costs, and any other amounts, except judicial interest, which *267 may be awarded pursuant to statute or rule" added to the total damage award made in the February 1, 2007 judgment for purposes of determining if Suprun's recovery exceeded 75 percent[6] of the amount of the offer. Suprun properly moved to have those costs fixed by filing a rule to show cause. See LSA-C.C.P. art. 1920; LSA-R.S. 13:3666(B)(2) and (C).
Under LSA-R.S. 13:3666 and 13:4533,[7] as well as LSA-C.C.P. art. 1920, the trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs, and related expenses. Samuel v. Baton Rouge General Medical Center, 99-1148 (La.App. 1st Cir.10/2/00), 798 So.2d 126, 131-32, citing Bourgeois v. Heritage Manor of Houma, 96-0135 (La.App. 1st Cir.2/14/97), 691 So.2d 703, 706. The trial court by judgment dated March 5, 2009, awarded $4,098.66 in costs to Suprun. However, this amount was increased to $4,764 by judgment dated May 12, 2009, pursuant to a motion for new trial. The final award of costs included:

Court Costs, 19th JDC $1,327.30
Expert fee, Dr. Ned Martello 1,500.00
Expert fee, Dr. F. Allen Johnston 900.00
Videographer, Dr. Johnston deposition 455.00
Baton Rouge Court Reporter, Dr. Johnston
deposition 296.35
Medical Records Costs 285.35
 ___________
 $4,764.00

Farm Bureau's offer of judgment only excluded the amount of judicial interest from consideration for purposes of determining the applicability of LSA-C.C.P. art. 970(C) to the facts of this case. Therefore, we find no error in the trial court's consideration of the amount of costs awarded pursuant to Suprun's motion to tax costs in determining Farm Bureau's claim for post-offer costs under LSA-C.C.P. art. 970(C), as those amounts "may be awarded pursuant to statute or rule." See LSA-C.C.P. art. 970(E).
Farm Bureau urges that consideration of the cost awards should have been limited to "those clerk's costs reasonably incurred and on the clerk's ledger prior to the offer of judgment." This overlooks the fact that the offer of judgment authorized the consideration of "any other amounts, except judicial interest, which may be awarded pursuant to statute or rule" in addition to "ledger court costs" and that the offer of judgment did not expressly limit such consideration to those costs Suprun incurred through the date the offer of judgment was made, i.e., October 30, 2006. The final judgment obtained by Suprun, including damages and costs, was for $20,935.40, which obviously exceeded $16,849.43, the amount that is 75 percent of the offer of judgment. Accordingly, we conclude that the failure to award Farm Bureau post-offer costs under LSA-C.C.P. art. 970(C) was correct since the final judgment obtained by Suprun, inclusive of costs, was more than 75 percent of Farm Bureau's offer.[8]

Judicial Interest
With respect to the February 1, 2007 judgment's award of judicial interest, the *268 trial court remarked that it was not sure why language limiting the accrual of interest to October 30, 2006, had been included in the judgment. (r516) Citing LSA-C.C.P. art. 1921, which provides for an award of interest as prayed for or as provided by law,[9] the trial court observed that it should never have signed a judgment containing such limiting language. Accordingly, in connection with Suprun's motion to tax costs, the March 5, 2009 judgment amended the February 1, 2007 judgment to award judicial interest from the date of judicial demand until paid.
Relying on Palmer v. Leclercq, 07-0604 (La.App. 4th Cir.9/24/08), 996 So.2d 21, writ denied, 08-2532 (La.1/16/09), 998 So.2d 102, the trial court found that the change of phraseology relative to the award of judicial interest was not substantive, even though it would result in the payment of more interest, since Suprun was entitled by operation of law to interest until the date of payment. Concerning the nature of the amendment, the trial court stated: (r517)
It was legally incorrect for the judgment to say that the interest would cease to accrue on October 30th of 2006. By amending the language of the judgment, I am simply bringing it in line with the underlying statutory law and jurisprudence. Since the ... court lacks the authority to deny the plaintiff interest in the first place, I hardly think that the amendment effects a substantive change in the judgment under [LSA-C.C.P. art.] 1951.
Farm Bureau disagreed, urging that the amendment constituted a substantive change and that the trial court was without authority to modify the award of judicial interest that had been made in the February 1, 2007 judgment.
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. LSA-C.C.P. art. 1841. A judgment that determines the merits in whole or in part is a final judgment. Id. A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. LSA-C.C.P. art. 1951.
In other words, a judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448, 450 (La. 1978). However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. Starnes v. Asplundh Tree Expert Company, 94-1647 (La.App. 1st Cir.10/6/95), 670 So.2d 1242, 1246. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. Creel v. Bogalusa Community Medical Center, 580 So.2d 551, 552 (La.App. 1st Cir.), writ denied, 585 So.2d 567 (La.1991). In Villaume, the Louisiana Supreme Court recognized that substantive amendments can also be made, on the trial court's own motion, with the consent of the parties. Frisard v. Autin, 98-2637 (La.App. 1st Cir.12/28/99), 747 So.2d 813, 818, writ denied, 00-0126 (La.3/17/00), 756 So.2d 1145.
*269 The judgment rendered after the trial of this matter provided for "interest from the date of judicial demand until October 30, 2006." That judgment was affirmed by this court and became final. See Suprun, 08-0241 (unpublished opinion); LSA-C.C.P. art. 2166. Thus, Farm Bureau argues that a subsequent amendment of that judgment to order payment of judicial interest from "the date of judicial demand until . . . paid" was in error.
The trial court's amendment increased the amount of legal interest that Suprun was entitled to recover from Farm Bureau. An amendment to a final judgment to add interest is a substantive change which is not permitted under LSA-C.C.P. art. 1951, despite the fact that an award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid. See LSAC.C.P. art. 1921; LSA-R.S. 13:4203; O'Brien v. Hoff, 08-520 (La.App. 5th Cir.3/24/09), 10 So.3d 802, 805; Odom v. City of Lake Charles, 00-1050 (La.App. 3rd Cir.1/31/01), 790 So.2d 51, 63, writ denied, 01-1198 (La.6/22/01), 794 So.2d 787; see also Mack v. Wiley, 07-2344 (La. App. 1st Cir.5/2/08), 991 So.2d 479, 486, writ denied, 08-1181 (La.9/19/08), 992 So.2d 932 (holding that an amendment of a final judgment to assess costs is an impermissible substantive change); Oreman v. Oreman, 05-955 (La.App. 5th Cir.3/31/06), 926 So.2d 709, 712, writ denied, 06-1130 (La.9/1/06), 936 So.2d 206; Louisiana Power & Light Co. v. Parish School Bd. of Parish of St. Charles, 93-249 (La.App. 5th Cir.2/11/94), 639 So.2d 760, 763, writ denied, 94-604 (La.4/22/94), 640 So.2d 1317 (finding that an award of legal interest would result in a substantive amendment of a final judgment, contrary to law). It is clear from a reading of the two judgments in this case that the March 5, 2009 judgment contains a substantive change in the assessment of judicial interest. This substantive alteration is in violation of the prohibition contained in LSA-C.C.P. art. 1951.
A judgment that has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692, 696. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. Id. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in LSA-C.C.P. art. 1951. As stated above, this Article limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology. It does not authorize a trial court to make substantive amendments to final judgments. Substantive amendments to judgments made without recourse to the proper procedures, i.e., by way of a timely motion for a new trial or by appeal, are absolute nullities. See Bourgeois, 846 So.2d at 696.
Therefore, that portion of the March 5, 2009 judgment amending the award of judicial interest is a nullity, even though it was to correct a legal error, since it amounted to more than a mere alteration of the phraseology of the February 1, 2007 judgment. See Melancon v. Insurance Corp. of America, 633 So.2d 231, 232-33 (La.App. 1st Cir.1993);[10]O'Brien, 10 *270 So.3d at 805; cf. Palmer, 996 So.2d 21.[11]
In connection with his motion to tax costs and to set judicial interest from the date of judicial demand until payment, Suprun urged that the trial court had legally erred in the assessment of costs in the original judgment. Assuming for the sake of argument that Suprun's pleading, in part, could be construed as a petition to annul[12] that portion of the February 1, 2007 judgment awarding judicial interest, we observe that the action to annul provided by LSA-C.C.P. art. 2004 is not a substitute for an appeal from a judgment that might be erroneous due to misinterpretation of substantive law, but is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. See Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980). Errors of law cannot serve as grounds for an action of nullity. See Fidelity and Casualty Co. of New York v. Clemmons, 198 So.2d 695, 698 (La.App. 1st Cir.), writ denied, 251 La. 27, 202 So.2d 649 (1967). Judgments are not infallible. However, even if an error is made, once a judgment becomes final, it is not reversible on grounds of mere error. Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co. of Texas, 99-1728 (La.App. 1st Cir.9/22/00), 767 So.2d 949, 953, writ denied, 00-2887 (La.12/8/00), 776 So.2d 1175.
The usual remedy applied by an appellate court when it finds an amendment of substance has been made in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. See McGee v. Wilkinson, 03-1178 (La.App. 1st Cir.4/2/04), 878 So.2d 552, 554; Magill v. State, Dept. of Public Safety and Corrections, 27,802 (La.App. 2nd Cir.1/24/96), 666 So.2d 1260, 1263; Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309 (La.App. 5th Cir.10/16/96), 683 So.2d 836, 839.

Decree
For the foregoing reasons, we annul and set aside that portion of the March 5, 2009 judgment that (r476)
ORDERED, ADJUDGED AND DECREED that the Judgment signed February 1, 200[7], is hereby amended to correctly show that judicial interest on the Judgment is due from the date of judicial demand until the February 1,

*271 200[7] Judgment is paid, instead of limiting judicial interest until October 30, 2006, thereby GRANTING Todd Suprun's Motion to assess judicial interest from date of judicial demand until paid.
In addition to this action, we reinstate, in effect, the award of legal interest on the $16,171.40 damage award made in the February 1, 2007 judgment.[13] Otherwise, we affirm the March 5, 2009 judgment of the trial court, as amended by the May 12, 2009 judgment with respect to the taxing of costs. We also affirm the May 12, 2009 judgment. Costs of this appeal are assessed to Chad Williams and Louisiana Farm Bureau Casualty Insurance Company.
MARCH 5, 2009 JUDGMENT SET ASIDE IN PART AND AFFIRMED IN PART; MAY 12, 2009 JUDGMENT AFFIRMED.
McDONALD, J., concurs and will assign reasons.
McDONALD, J., agreeing in part and concurring in part.
I agree with the majority on the issue of the offer of judgment. However, I only agree on the result reached by the majority on the issue of the invalidity of the portion of the March 5, 2009 judgment. I do not believe it is necessary to address the issue of a substantive change as provided in LSA-C.C.P. art. 1951 because LSA-C.C.P. art. 2005 is dispositive of the issue in this matter.
Article 2005 provides:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court. (Emphasis added).
An action of nullity does not affect the right to appeal.
The first paragraph of Article 2005 codifies an exception to the general rule, under La. C.C.P. art. 2088, that a trial court is divested of jurisdiction when an appeal is filed. New Orleans Redevelopment Authority v. Lucas, 02-2344 (La.App. 4 Cir. 8/25/04), 881 So.2d 1246, 1252, writ denied, 04-2755 (La.1/28/05), 893 So.2d 75. It authorizes a litigant to seek direct relief in the trial court to annul a judgment before or pending an appeal, or after the delays for appealing have elapsed.
In the case before us the February 1, 2007 judgment was appealed and affirmed by this court. The judgment clearly stated that interest was due "from date of judicial demand until October 30, 2006." As noted by the majority, this portion of the judgment was not challenged on appeal. Even so, it was in the record and the other portions of the judgment were appealed. Thus, the ground for a nullity was in the record and Article 2005 seems to prohibit adjudication of an action for nullity. I agree with the majority, however, that this error of law in the judgment is not a ground for an action of nullity. Thus, even if the issue could be considered in this appeal, it would not nullify the judgment.
I also take issue with the analysis of the article 1951 issue. The majority refers to the substantive change in the March 5, 2009 judgment as an "absolute" nullity. While I agree that under the facts of this *272 case it is a nullity, I object to the term "absolute" and find no statutory authority for this designation.
I have reviewed a substantial body of jurisprudence wherein the use of the term "absolutely null" was used in describing a judgment found to be null, because it substantively altered a prior judgment without following the "proper procedure."
Louisiana Code of Civil Procedure article 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
This procedural article specifies that a trial court may alter the phraseology, but not the substance, or correct errors of calculation in a judgment at any time, with or without notice, on its own motion or on motion of any party. The article does not address what procedures are necessary to make a substantive change to a judgment, nor that a substantive amendment to a judgment renders the judgment a nullity.
It is well-established in the jurisprudence that judgments that add to or subtract from a judgment are substantive amendments that cannot be made without following the "proper procedure." However, the proper procedure for a trial court to correct its own error has not been definitely established. In Lousteau v. K-Mart Corp., 03-1182 (La.App. 5 Cir. 3/30/04), 871 So.2d 618, 620 writ denied, 04-1027 (La.6/25/04), 876 So.2d 835, reconsideration denied, 04-1027 (La.9/03/04), 882 So.2d 593 this issue was considered by our wise brethren on the Fifth Circuit Court of Appeal. I find their discussion informative:
Initially, K-Mart urges that the court erred in vacating the December judgment, correctly urging that amendment or revision of a judgment is limited to correcting errors of calculation or phraseology. La. C.C.P. art. 1951. We are referred to a case in which our Supreme Court found that a judgment signed by the same judge, in similar circumstances, could not be altered, notwithstanding that it was signed in error. That case is distinguishable on its facts. In Bourgeois,[1] the judgment in favor of the defendants was signed on November 6, 2001, with notice issued on November 29, 2001. Plaintiff received the notice and rather than move for new trial, filed for an appeal on January 15, 2002. On that same day, the court issued a second judgment in favor of the plaintiff, and later issued an order stating it had inadvertently signed the first judgment. In that case, unlike the matter before us, the time for granting of a new trial was long past. Under La. C.C.P. art. 1971, a new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues. C.C.P. art. 1974 grants seven days, exclusive of holidays, in which a new trial may be granted. The recordation of the trial court that it signed the first judgment in error, within the time frame permitted for granting a new trial, persuades us that the January judgment is not invalid as an impermissible amended judgment. Lousteau, 871 So.2d at 620.
The court then considered the appeal of the amended judgment.
It is unclear what the use of the term "absolutely" applied to null judgments is *273 meant to convey. There are four effects that generally accompany the legal concept of absolute nullity. It is void ab initio; may not be confirmed; is imprescriptible; and the nullity may be noticed by the court on its own motion. These principles derive from the Civil Code articles governing absolutely null contracts. See La. C.C. arts. 2030, 2032, and 2033. Judgments that may be annulled are governed by other principles, not the least of which is the necessity for finality of judgments.
While the distinction between a null judgment and an absolutely null judgment is not apparent, it is clear that the provisions applicable to absolutely null contracts should not be grafted onto "absolutely null" judgments. Among the reasons this is true is the fact that the essence of a contract and of a judgment are antithetical. A contract is an agreement among parties that creates obligations. A judgment is a judicially imposed order obligating parties that are not in agreement.[2] A judgment found to have no legal effect may be designated as null, without the use of the term "absolutely," which adds nothing to its legal effect and generates confusion.
Further, the legislature has not provided in either La. C.C.P. art. 1951 or in the articles on annulling judgments for an "absolutely null judgment."[3] The law on nullity of judgments, as provided heretofore, clearly establishes that judgments are not void ab initio, because one may lose the right to seek nullity under the circumstances provided in La. C.C.P. art. 2003. Also, jurisprudence has established that the parties may consent to a substantive amendment of a judgment. See Villaume v. Villaume, 363 So.2d 448 (La.1978).
Therefore, I find no reason for the designation of the judgment as an "absolute" nullity, but agree that it is a nullity and respectfully concur in that portion of the judgment.
NOTES
[1] Suprun's motion for a judgment notwithstanding the verdict or, in the alternative, a new trial was denied. The resulting judgment revealed that court costs would be determined at a separate hearing.
[2] Suprun also assigned error to an evidentiary ruling by the trial court, which was found by this court to lack merit.
[3] The sum of $16,171.40 (damage award) plus $3,090.62 (judicial interest from the date of judicial demand through October 30, 2006) equals $19,262.02 (total award). The total award of $19,262.02 less $13,827.20 (claim for costs) equals $5,434.82 (balance owed on total award). Notably, a check was tendered by Farm Bureau to counsel for Suprun in December 2008.(r458)
[4] $4,478.65 (actual costs listed) + $285.35 (medical records costs) = $4,764.
[5] $16,849.43-$16,171.40 = $678.03. Mathematically, this means the final judgment obtained by the plaintiff-offeree was 28.02 percent less than the amount of the offer of judgment.
[6] In accordance with LSA-C.C.P. art. 970(C), in order for a plaintiff-offeree to defeat a defendant-offeror's entitlement to costs, the final judgment obtained by the plaintiff-offeree must be greater than the amount of the offer after deducting from the offer a sum equal to 25 percent of that offer. In other words, the final judgment obtained by the plaintiff-offeree must exceed the amount that is 75 percent of the offer.
[7] LSA-R.S. 13:4533 defines "costs" as "the costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court."
[8] Furthermore, we pretermit discussion of Suprun's argument that Farm Bureau's noncompliance with the service requirements of LSA-C.C.P. arts. 970(A) and 1313(B) precluded an award of post-offer costs to Farm Bureau under LSA-C.C.P. art. 970(C).
[9] See LSA-R.S. 13:4203 (legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto," which may be rendered by any of the courts). A court lacks discretion to deny interest if interest is prayed for or provided for by law. Bickham v. Bickham, 02-1307 (La. App. 1st Cir.5/9/03), 849 So.2d 707, 710-11.
[10] In Melancon, a medical malpractice case, this court found that the plaintiffs' failure to raise the issue of interest on appeal precluded the trial court from amending the date from which interest was to begin to accrue. See Melancon, 633 So.2d at 232-33.
[11] The court in Palmer disagreed with this court's opinion in Melancon, finding that such an amendment did not alter the substance of the prior judgment. Palmer, 996 So.2d at 26 n. 2. The plaintiffs in Palmer requested interest from the date of filing of the complaint in medical malpractice or alternatively the date of judicial demand. The original judgment provided for interest from the date of judicial demand. The second judgment provided that interest on the damages would accrue from the date of the filing of the complaint with the board. The court found that the amendment merely altered the phraseology of the prior judgment to clarify that the plaintiffs were entitled by operation of law to interest from the date of the filing of the complaint with the board for a medical review panel. Palmer, 996 So.2d at 25-26.
[12] The nullity of a final judgment may be demanded for vices of either form or substance, as provided in LSA-C.C.P. arts. 2002 through 2006. LSA-C.C.P. art. 2001. A final judgment shall be annulled if it is rendered:

(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
LSA-C.C.P. art. 2002(A), Furthermore, a final judgment obtained by fraud or ill practices may be annulled. LSA-C.C.P. art. 2004(A).
[13] In so ruling, we render no opinion as to the correctness of the trial court's initial decision to terminate the award of judicial interest as of the date the offer of judgment was made.
[1] Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692.
[2] Stipulated judgments are an exception to this rule.
[3] Louisiana Code of Civil Procedure article 3953 governing nullity of judgments in divorce actions does provide that judgments not rendered in accordance with certain requirements are absolutely null.