| | | |
|---|---|---|
| **EVANGELIA BILALIS** | * | **NO. 2024-CA-0527** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **WALLACE DRENNAN AND ZURICH AMERICAN INSURANCE COMPANY** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**LEDET, J., DISSENTS WITH REASONS**

Contrary to the majority, I would find the trial court erred in making a substantive amendment to the judgment and reverse. At the hearing on the Motion to Enforce, Defense Counsel argued:

> [T]he whole issue in this case is the judgment that plaintiff's counsel drafted. The judgment that was signed by the Court says, "the jury found that plaintiff was injured in the accident and awarded the plaintiff special damages of $373,871.62 and general damages of $360,000, for a combined total of $736,871.62, plus judicial interest, thereon, from November 17, 2023, comma, the date of judicial demand." . . . They are saying, November 17, 2023, is the date of judicial demand. The judgment sat like this for 98 days. All appeal delays are over, the judgment is final. It cannot, now, be changed."

Rejecting this argument, the trial court ruled in Plaintiff's favor, granting the motion to enforce judgment and setting a judgment debtor rule. This appeal followed.

The record reflects that Plaintiff's counsel prepared the judgment, which set forth the amount awarded and the judicial interest that was owed. The judgment, which the trial court signed on December 11, 2023, stated that Plaintiff was awarded $736,871.62 "plus judicial interest thereon from November 17, 2023, the

1

date of judicial demand, until paid." It is undisputed that the date of judicial demand here is December 22, 2020—the date this tort suit was filed.[1]

In the motion to enforce, Plaintiff is now attempting to collect additional interest—almost $100,000—for the period between December 22, 2020 and November 17, 2023. In granting the motion to enforce, the trial court, in effect, substantively amended the judgment. But, the jurisprudence has held that "[a]n amendment to a final judgment to add interest is a substantive change which is not permitted under LSA–C.C.P. art. 1951, despite the fact that an award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid." *Suprun v. Louisiana Farm Bureau Mut. Ins. Co.*, 09-1555, pp. 11-12 (La. App. 1 Cir. 4/30/10), 40 So. 3d 261, 269. Such is the result here.

Accordingly, I would reverse the trial court's judgment as legally incorrect. For these reasons, I respectfully dissent.

---

[1] In ordinary tort cases, the jurisprudence has defined the date of judicial demand as the date of the filing of the petition.