643 So.2d 1286 (1994)
In the Matter of Ann Trenchard LEAMAN and Paul J. Leaman, Jr.
No. 94-CA-119.
Court of Appeal of Louisiana, Fifth Circuit.
September 14, 1994.
Mitchell J. Hoffman, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for defendant/appellant Ann Trenchard Leaman.
William W. Hall, Metairie, A.D. Freeman, New Orleans, for plaintiff/appellee Paul J. Leaman, Jr.
Before KLIEBERT, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
Appellant, Ann Trenchard Leaman, appeals from the judgment of the trial court which granted a divorce to appellee, Paul J. Leaman, Jr., based on living separate and apart for six months under the provisions of La.C.C. art. 103(1). For the reasons which follow, we affirm.
The parties were married on January 13, 1983 and no children were born of the marriage. On August 17, 1993, appellee filed a petition for divorce, alleging that the parties had lived separate and apart for over six months. He also alleged that they were separate in property by virtue of a prenuptial *1287 agreement. Appellant answered with a general denial and a reconventional demand alleging that the prenuptial agreement was invalid, she was free from fault and in need of support, and she was entitled to a partition of the community.
On November 12, 1993, appellee filed a Motion To Set the divorce action for trial. He asserted that there were no exceptions or preliminary matters pending on the main demand for divorce. The court signed the order on that date, setting the matter for trial on December 1, 1993. On November 19, 1993, appellant filed a Motion To Continue. The motion was argued and denied on December 1, 1993. Thereafter, the divorce only was heard on the merits, reserving appellant's rights to assert the allegations she raised in her reconventional (incidental) demand. Appellant was not present but her counsel was present. Appellee testified that he had lived separate and apart from appellant, without reconciling, for over six months. Appellee's son testified, generally corroborating that the parties had lived separate and apart for over six months. Judgment was rendered that day granting the divorce. Appellant appeals from this judgment.
Appellant argues on appeal that the trial court erred in refusing to grant her continuance. She argues that she was unable to take depositions concerning the validity of the prenuptial agreement and that her alimony pendent lite had not yet been awarded. She also argues that she was unable to attend the hearing.
The decision to grant a continuance rests in the discretion of the trial judge. La.C.C.P. art. 1601. His ruling on a motion for a continuance will not be disturbed on appeal absent a clear showing of abuse of that discretion. Russell v. Sears, Roebuck and Co., 572 So.2d 1093 (La.App. 1st Cir. 1990). No such showing was made in this case.
As pointed out by the trial judge, none of appellant's arguments in support of the continuance related to the divorce. Her discovery concerns only related to the prenuptial agreement. Her absence from court was not raised in the trial court as a reason for the continuance. In fact, the trial court even offered counsel an opportunity to make arguments for the continuance relative to the divorce and he declined. Appellant's counsel was given an opportunity (albeit brief) to apply for writs from the court's action and he declined to do so. All of appellant's rights relative to her incidental demands were reserved and only the divorce was taken up. We cannot say, based on this record, that the trial judge abused his discretion in refusing the continuance. Therefore, we affirm the denial of the continuance by the trial judge.
Next, appellant argues that the divorce judgment should be set aside because the trial court set the divorce matter for trial on a motion that was not in compliance with the local rules of the Twenty-fourth Judicial District Court. Particularly, appellant contends that the Motion To Set was not in compliance with Rule V.[1] We disagree.
The Motion To Set for trial was in substantial compliance with the rules of court. It essentially provided that the parties had answered and that there were no outstanding preliminary matters pending or applicable to the demand for divorce. Moreover, appellant does not allege that she suffered any prejudice by a deficiency in the motion. Accordingly, appellant's argument for reversal of the judgment because of the form of the Motion To Set lacks merit.
Appellant next argues that the judgment of divorce should be set aside because *1288 the court severed the main demand of divorce from the incidental demands. La. C.C.P. art. 1038 provides the trial court with the discretion to "order the separate trial of the principal and incidental actions" in a lawsuit. While it may be preferable in most instances, in the interest of judicial efficiency, to not separate the actions, it is a matter of judicial discretion that will not be reversed absent a showing of abuse. Napoli v. Napoli, 543 So.2d 98 (La.App. 1st Cir.1989). La. C.C. art. 103(1) provides the statutory right of spouses to a divorce based on the grounds of living separate and apart continuously for a period of six months or more. Appellee testified that the parties had lived separate and apart continuously for over six months and his son corroborated those facts. The evidence was sufficient to support the demand for divorce. There was no evidence of reconciliation and, in fact, there have been no allegations of reconciliation. Further, appellant alleges no prejudice because of the severance of the actions. Therefore, we find that appellee's right to a divorce was proven by him, was essentially not contested by appellant and the trial court did not abuse his discretion in severing the divorce from the other contested demands and granting the divorce.
Accordingly, for the foregoing reasons, we find no abuse of discretion in the trial court's decision to deny appellant's request for a continuance and sever the divorce action from the contested incidental actions, and we affirm the judgment of divorce, reserving to appellant her right to litigate the incidental actions raised in her reconventional demand.
AFFIRMED.
GRISBAUM, J., dissents.
GRISBAUM, Judge, dissenting.
I respectfully dissent.
The majority fails to comprehend the fundamental flaw in proceeding to trial on the merits of a divorce prior to a previously set hearing on alimony pendente lite. The majority mistakenly assumes that merely "reserving to appellant her right to litigate the incidental actions raised in her reconventional demand" sufficiently protects appellant's right to seek alimony pendente lite.
The purpose of alimony pendente lite is to provide support to a spouse who does not have sufficient income for maintenance pending a divorce suit in proportion to the spouse's need and the other spouse's means. La.Civ.Code art. 111. Because a party's right to alimony pendente lite is based on the obligation of mutual support founded in a marriage, a party's potential right to alimony pendente lite terminates when the marriage is terminated. Napoli v. Napoli, 543 So.2d 98 (La.App. 1st Cir.1989).
In defendant-appellant's answer, she asserted, among other things, a reconventional demand for alimony pendente lite. The hearing on appellant's claim for alimony pendente lite was set for January 4, 1994.[1] However, after the alimony pendente lite hearing was set, the trial on the merits of the divorce was set for December 1, 1993. Only a few days after the trial on the divorce was set, appellant filed a motion to continue the trial naming as one basis the fact it was improper to proceed to trial on the merits of the divorce prior to the hearing on alimony pendente lite.
While I agree a trial court has discretion in setting its docket, I find the trial court abused its discretion in failing to grant appellant's motion for a continuance. The divorce judgment rendered December 1, 1993, in effect, denied appellant's right to seek alimony pendente lite. Therefore, her right to alimony pendente lite was not and cannot be reserved to be determined when the other incidental actions in her reconventional demand are heard. Since the marriage was terminated by the judgment of divorce, appellant is limited to seeking permanent alimony which depends on the determination of the issue of fault which has yet been set for litigation.
For the foregoing reasons, I would set aside the judgment of divorce and remand *1289 the matter so appellant's claim for alimony pendente lite can be heard.
NOTES
[1] The Twenty-Fourth Judicial District Court Civil Rule V provides:

Section 1. All cases that have been allotted and all proceedings in connection therewith shall be set for trial upon written motion filed by the counsel seeking such trial. The motion to set shall be accompanied by a certificate that all parties have answered or preliminary defaults have been taken against them, including third-party defendants, all depositions and discovery have been completed and all medical treatment and date are complete and that all exceptions and preliminary matters have been disposed of and the matter is ready for a pretrial conference or to be set for trial.
Section 2. The Minute Clerk shall keep a trial docket upon which shall be entered all matters set for hearing and from which docket the judges' daily dockets shall be prepared and in readiness at the opening of the court.
[1] We rely on defendant-appellant's motion to continue the trial on the merits of divorce in establishing the date set for the hearing on the alimony pendente lite claim.