673 So.2d 360 (1996)
Herschel A. NORWOOD, Jr.
v.
WINN DIXIE.
No. 95 CA 2123.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*361 Clarence McDonald Leland, Jackson, for Plaintiff-Appellant.
James M. Taylor, New Orleans, for Defendant-Appellee.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
This appeal arises from a workers' compensation claim filed by Herschel A. Norwood, Jr. (plaintiff), against Winn Dixie (defendant). Plaintiff's claim was dismissed with prejudice by the hearing officer on the day of trial after plaintiff's written motion for continuance was denied and defendant's motion for summary judgment was granted.
The record shows plaintiff's case originally was set for trial April 17, 1995. Plaintiff's counsel, Robert A. Liptak, filed a motion for continuance on the ground the parties were engaged in "serious settlement negotiations." The motion was granted April 12, 1995, and trial was reset for July 21, 1995.
The next document contained in the record is a motion to withdraw as counsel filed by Liptak on July 5, 1995. In this motion, Liptak alleges (1) plaintiff removed the contents of his file from Liptak's office in order to have them reviewed by another attorney, (2) he received no further contact or correspondence from plaintiff, and (3) plaintiff had retained other counsel. For these reasons, Liptak desired to withdraw and have his name erased as counsel of record. Liptak then provided plaintiff's "last known address."
This motion was granted by the hearing officer July 6, 1995. Defendant filed a motion for summary judgment on July 13, requesting a hearing be set for the day of trial. Although the certificate of service states the motion was served on the claimant by mail, nothing in the record indicates where or when service was made.[1] The letter accompanying the motion indicates a copy of the motion was sent to Liptak, who was no longer counsel of record.
On the day before trial, plaintiff faxed a handwritten letter to the hearing officer which stated:
This is to inform you that I will be unable to attend the hearing set for Friday July 21st as I have no legal representation. Please postpone until counsel can be obtained and another hearing scheduled. Any questions, please call and leave message. *362 Consider this a written request for continuance of case.
The minutes from the hearing indicate the motion for continuance, which was received the night before the hearing, was denied, and plaintiff did not appear. Evidence offered by defendant on the motion for summary judgment was accepted, the hearing officer ruled in defendant's favor, and the case was dismissed with prejudice. Plaintiff appealed, contending the hearing officer abused his discretion by denying the continuance, granting the summary judgment, and dismissing his claim.
A continuance may be granted in any case if there is good ground therefor. La.C.C.P. 1601. The trial court has wide discretion in acting upon a motion for continuance on non-mandatory grounds. Its ruling will not be disturbed on appeal in absence of a clear showing of abuse of that discretion. Rainone v. Exxon Corp., 93-2008, p. 4 (La. App. 1st Cir. 1/13/95, 654 So.2d 707, 709-710, writs denied, 95-0337 (La. 3/24/95), 655 So.2d 1340; In re Leaman, 94-119 (La.App. 5th Cir. 9/14/94), 643 So.2d 1286, 1287. Fairness to both parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance. Gilcrease v. Bacarisse, 26,318 (La.App. 2d Cir. 12/7/94), 647 So.2d 1219, 1223, writ denied, 95-0421 (La. 3/30/95), 651 So.2d 845.
Although defendant certainly has an important interest in having this case resolved, there is no indication the continuance was sought for purposes of delaying resolution of this matter. The first continuance was requested by Liptak, with the concurrence of opposing counsel, on the ground the parties were engaged in "serious settlement negotiations." Liptak withdrew three months later, leaving plaintiff just three weeks to find another attorney for a case set for trial.
Although Liptak stated plaintiff had not contacted him, Liptak did not indicate whether he attempted to contact plaintiff. Nothing in the record indicates whether plaintiff had actual notice Liptak had withdrawn or whether he received the motion for summary judgment filed subsequent to Liptak's withdrawal, and there was no evidence plaintiff was properly served with the motion for summary judgment. See La.C.C.P. arts. 1313-1314.
Under these circumstances, the hearing officer abused his discretion in failing to continue the hearing, especially since plaintiff was not present. No plaintiff should assume a motion for continuance has been or will be granted. A prudent claimant would appear at the hearing if the request is pending. Nevertheless, in this case fairness and due process dictate plaintiff, who was without counsel and who had not been properly served with the motion for summary judgment, be afforded another opportunity to have his claim heard. A continuance would not have worked any great hardship on defendant; a reversal and remand will work little hardship on it now. See Board of Sup'rs v. Holt, 572 So.2d 759 (La.App. 4th Cir.1990); Halley v. Halley, 457 So.2d 108 (La.App. 2d Cir.), writ denied, 461 So.2d 316 (La.1984). Therefore, the judgment of the hearing officer is reversed, and this matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to defendant.
REVERSED AND REMANDED.
NOTES
[1] A motion for summary judgment, in the form of a rule to show cause, is a contradictory motion which requires some form of response, answer, or appearance, in default of which a final judgment can be granted. It therefore requires service pursuant to Louisiana Code of Civil Procedure article 1314, and service by mail is insufficient. First Federal Savings & Loan Ass'n v. Stanley, 578 So.2d 220 (La.App. 3d Cir.1991).