MARION F. EDWARDS, JUDGE PRO TEMPORE, JUDGE
Appellant, Troy Lepine ("Troy"), appeals an adverse judgment rendered by the trial court on July 25, 2017, partitioning co-owned property in full ownership to Appellee, Mindy Lepine ("Mindy"), and granting Mindy the right to refinance the property solely in her own name. For the *739 following reasons assigned, we affirm the trial court's judgment.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Troy and Mindy Lepine were co-owners of immovable property located at 2746 Bayou Lours Court, Marrero, Louisiana, having purchased the property together on June 27, 2003, prior to their marriage on September 30, 2003. In September 2015, Mindy filed a petition for divorce. By judgment dated November 19, 2015, Mindy was granted exclusive use and occupancy of the family home, and both parties were ordered to pay one-half of the monthly mortgage obligation. Troy failed to timely pay his owed portion of the mortgage on several occasions; namely, amounts due for June and December 2016.
On June 25, 2017, Mindy filed a rule to show cause why Troy should not be held in contempt for failing to timely pay his portion of the mortgage obligation and why the home should not be made subject of a partial partition of the community in order that one party could assume the home and its mortgage. A hearing was set for July 12, 2017, and was continued to July 21, 2017.
After pre-qualifying to refinance the home, Mindy offered to do so in her namely only, thereby assuming the entirety of the liability and reimbursing Troy for his share of the equity in the home. Troy refused Mindy's offer. Given Troy's failure to make timely mortgage payments in the past, and his unstable employment situation creating the possibility that he may be unable to make timely payments in the future, Mindy feared that the home was in danger of foreclosure and her ability to refinance in jeopardy. Mindy lives in the home with the couple's two minor children, one of whom has special needs. The children attend public schools in the local school district where the home is situated.
On July 12, 2017, pursuant to the provisions of La. C.C. art. 807, Mindy filed a petition to partition the co-owned property, stating that she had qualified to refinance the property and that the refinance closing date was scheduled for the first week of August. The record reflects that counsel for Mindy served a certified copy of the petition to partition upon Lila Samuel, Troy's counsel of record, via FedEx Priority Overnight Mail, which was received and accepted on July 17, 2017. By agreement between counsel of record for the respective parties at that time, the partition of the co-owned property was set for trial on July 21, 2017, because other pending motions in the case were already set for hearing that same day.
After receiving the petition to partition and agreeing to the matter being tried on July 21, and after having personally met with Troy, Lila Samuel filed a motion to withdraw as his attorney of record. Contained in the motion to withdraw, filed on July 18, 2017, was notification to the trial court that there were matters set for hearing in the case for July 21, 2017, which matters expressly included the petition to partition the co-owned property. The record reflects that the motion to withdraw was granted the same day it was filed. Troy retained new counsel on the evening of July 18, 2017. On July 20, 2017, Troy filed a motion to continue the matters set for hearing on the following day on the basis that his newly retained counsel needed additional time to prepare a proper defense.[1]
*740 On the morning of July 21, 2017, prior to hearing the partition matter, the trial court heard argument from counsel regarding Troy's motion to continue. After denying the motion to continue the partition proceeding, the court proceeded with the trial to partition the co-owned property.[2] The trial court heard testimony from both parties, received evidence, and heard argument from counsel for both parties. At no time during the trial did counsel for Troy object to the use of summary proceedings to resolve the matter or object as to the sufficiency of citation or service of process of the petition to partition. At the close of the hearing, the trial judge ordered that the co-owned property be partitioned to Mindy Lepine in full and that she be allowed to refinance the property solely in her name. Additionally, the trial judge reserved to both parties the right to make any claims for reimbursement, offset, equalizing payments, or any other claims either party may have to assert related to the co-owned or community property.
The trial judge's ruling was reduced to judgment and signed on July 25, 2017. This timely appeal followed.
ISSUES PRESENTED FOR REVIEW
Troy presents the following three issues for review on appeal: (1) whether the trial court erred in allowing Mindy's petition to partition co-owned property to proceed via summary proceeding rather than ordinary proceeding; (2) whether the July 25, 2017 judgment is an absolute nullity since the petition to partition was tried without citation, service, or an answer or other responsive pleading having been filed; and, (3) whether the trial court abused its discretion in refusing to grant Troy's motion to continue the trial of the petition to partition.
DISCUSSION
1. The trial court erred in allowing the trial of the petition to partition, an ordinary proceeding, to proceed via summary proceeding .
It is true, as urged by Troy, that the mode of procedure for an action seeking to partition co-owned property is, generally, an ordinary proceeding, rather than a summary proceeding. See La. C.C.P. art. 4603 ("Except as otherwise provided by law, a partition proceeding is subject to the rules regulating ordinary proceedings"). But the proper objection to the matter proceeding summarily would have been for Troy to have raised a dilatory exception of unauthorized use of summary proceeding under La. C.C.P. art. 926(A)(3). Moreover, "[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein." La. C.C.P. art. 926(B).
The record in this case shows that no such dilatory exception was filed by Troy, and the transcript of July 21, 2017 indicates that at no time prior to the commencement of trial of the partition was a written or oral objection made regarding the unauthorized use of summary proceeding. The record further shows that Troy's former counsel agreed to have the matter set as a summary proceeding, and his counsel of record on the date of the trial voiced no objection to proceeding summarily. Accordingly, we find that Troy's failure to timely raise the objection of unauthorized use of summary proceeding prior *741 to trial of the partition operates as a waiver of that objection. La. C.C.P. art. 926(B) ; Judson v. Davis , 04-1699, p. 18 (La. App. 1 Cir. 6/29/05), 916 So.2d 1106, 1115. This assignment of error is without merit.
2. Whether the partition proceedings are an absolute nullity in the absence of citation, service of process, the filing of an answer or other responsive pleading?
Troy avers that the petition to partition is an ordinary proceeding that required citation and formal service of process, which was not accomplished in this case. Thus, pursuant to La. C.C.P. art. 1201, which states that "[c]itation and service thereof are essential in all civil actions except summary and executory proceedings, divorce actions under Civil Code Article 102, and proceedings under the Children's Code ...." Troy argues that the partition proceedings were absolutely null and void. Additionally, Troy contends that because no answer to the petition to partition was filed in accordance with La. C.C.P. art. 1001, the trial was improperly set pursuant to Rule 9.14 of the Local Rules of Court. Following a review of the facts and circumstances of this case, we disagree.
The usual procedure to annul a judgment is to bring a direct action in the trial court. La. C.C.P. art. 2006 ; Fouchi v. Fouchi , 442 So.2d 506, 508 (La. App. 5th Cir. 1983). However, the jurisprudence has held that where the judgment at issue is an absolute nullity, it may be attacked in direct or collateral proceedings at any time and before any court. Lexington Insurance Co. v. Tasch, Inc. , 12-339, p. 10 (La. App. 5 Cir. 11/27/12), 105 So.3d 950, 956. In order for an appellate court to consider the merits of a collateral attack based on vice of form, the defect raised must be apparent on the face of the record. GR Constr. & Renovation, LLC v. White , 14-62, p. 6 (La. App. 5 Cir. 5/21/14), 142 So.3d 207, 209.
After reviewing the record in the case sub judice , we find no defect in the citation or service of the petition to partition upon Troy's counsel of record at the time service was made. The affidavit of service reflects that service of the petition to partition was made pursuant to La. C.C.P. art 1313(C). Specifically, the record shows, and Troy's current counsel concedes, that a certified copy of the petition to partition was served upon Lila Samuel, Troy's counsel of record at that time, via FedEx Priority Overnight Mail, which was received and accepted on July 17, 2017. This manner of service was in compliance with La. C.C.P. art. 1313(C), which provides that "if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier." Additionally, Article 1313(D) defines a "commercial courier" as "any foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type ...."
By agreement of counsel of record for both parties at the time the petition to partition was filed, the order accompanying the pleading set the matter for trial on July 21, 2017. Because the petition contained a court date, counsel for Mindy served a certified copy of the pleading via actual delivery by a commercial courier, which the record confirms was received on July 17, 2017. Having complied with the requirements of La. C.C.P. art. 1313(C), we find no defect in the citation or service of process of the petition to partition.
We further find that the record clearly demonstrates that Troy had notice and/or knowledge that Mindy had filed a petition *742 to partition, that his former counsel had received a copy of that petition to partition, and that the matter was scheduled for trial on July 21, 2017, along with other pending matters. Specifically, on June 24, 2017, Mindy filed a rule to show cause why Troy should not be held in contempt for his failure to timely pay his portion of the monthly mortgage obligation and why the home should not be made subject of a partial partition of the community in order that one party could assume the home and its mortgage. The hearing on these rules was originally set for July 12, 2017, but was continued to July 21, 2017. Subsequently, on July 12, 2017, Mindy filed the subject petition to partition asking for the same relief set forth in the prior rule to show cause. The record also reflects that Troy met with Lila Samuels to discuss the partition proceeding prior to her withdrawal as his counsel of record in this case. Additionally, in her motion to withdraw filed on July 18, 2017, Ms. Samuels notified the court that the petition to partition was pending and set for trial on July 21, 2017. The record further establishes that Troy appeared for trial and testified on his own behalf in the partition proceedings. Notably, absent from the record, specifically from the transcript of the trial of the petition to partition, is any objection on behalf of Troy as to either the insufficiency of citation and/or service of process of the petition. Thus, to the extent an issue with the citation and service of process existed, pursuant to La. C.C.P. art. 925(C), a party's failure to plead the declinatory exception of insufficiency of citation and service of process prior to the trial of the matter operates as a waiver of that objection.
Troy further contends that because Mindy's petition to partition co-owned property involved an ordinary proceeding, which required the filing of an answer or some other responsive pleading prior to being set for trial, the trial court erred in setting the partition proceeding for trial and in rendering judgment before he had the opportunity to file an answer or other responsive pleading. Thus, Troy argues, any judgment resulting therefrom is null and void and must be reversed. La. C.C.P. art 1571 states, in pertinent part, as follows:
A. (1) District courts shall prescribe the procedure for assigning cases for trial, by rule which shall:
(a) Require adequate notice of trial to all parties; and
(b) Prescribe the order of preference in accordance with law.
(2) These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.[3]
*743 In the instant case, it is undisputed that Troy did not file an answer to Mindy's petition to partition. Generally, no valid judgment may be rendered against a party with whom issue has not been joined by way of an answer, default, or waiver. Northshore Ins. Agency v. Farris , 634 So.2d 867 (La. App. 1st Cir. 1993). Thus, the issue before this Court is whether there was a waiver by Troy of the right to answer and the delays for answering the claims Mindy asserted against him. The record clearly shows, and Troy does not dispute, that Ms. Samuels, his attorney of record at the time the partition petition was filed and served, had notice of and agreed to the matter being placed on the summary docket to be heard with other matters previously pending between the parties, including a rule to show cause why the co-owned property should not be partitioned. The record further evidences that Troy and Ms. Samuels had a meeting on the evening that she was served with a copy of the partition petition, which petition sought the same relief as the already pending rule to show cause. The following day, Ms. Samuels filed a motion to withdraw as counsel for Troy, which motion expressly identified the petition to partition co-owned property as one of the matters that was set to be heard on July 21, 2017.
While the record does not contain an answer or other responsive pleading by Troy to Mindy's petition to partition, the record does show that Troy appeared at the trial represented by counsel, that he testified on his own behalf and participated in the proceedings, and that no objection was made as to the matter proceeding due to the lack of an answer having first been filed.[4] We find that Troy's appearance and participation at the trial of the partition, and the lack of an objection to the matter proceeding without an answer having previously been filed, in effect, constituted a waiver of his right to answer the petition to partition. Accordingly, we find the trial court did not err in proceeding with the trial and in thereafter rendering judgment partitioning the property, reserving to both parties the right to make any claims for reimbursement, offset, equalizing payments, or any other claims related to the co-owned property.
3. The trial court erred in denying Troy's motion to continue the hearing on the petition to partition co-owned property
In his final assignment of error, Troy avers that he was entitled to a continuance and that the trial court erred in not granting him one. "A continuance may be granted in any case if there is good ground therefor." La. C.C.P. art. 1601. The court must consider the particular facts of a case when deciding whether to grant or deny a continuance. Armand v. Delgado , 99-2274, p. 7 (La. App. 1 Cir. 11/3/00), 770 So.2d 896, 898. Such a determination is within the sound discretion of the trial court. Ten Point Properties, LTD v. Roussel , 506 So.2d 179, 180 (La. App. 5th Cir. 1987). The trial court's ruling will not be disturbed on appeal in the absence of a clear abuse of discretion. In re Leaman , 94-119, p. 3 (La. App. 5 Cir. 9/14/94), 643 So.2d 1286, 1287 ; Young v. Bayou Steel Corp. , 588 So.2d 171, 172 (La. App. 5th Cir. 1991). Fairness to both parties and the need for orderly administration of justice *744 are proper considerations in deciding whether to grant or deny a continuance. Gilcrease v. Bacarisse , 26,318, pp. 13-14 (La. App. 2 Cir. 12/7/94), 647 So.2d 1219, 1223. Appellate courts interfere in such matters only with reluctance and in extreme cases. Sparacello v. Andrews , 501 So.2d 269, 274 (La. App. 1st Cir. 1986).
The record in the instant case shows that late in the afternoon of the day preceding the trial of the partition and other matters, Troy's newly retained counsel filed a motion to continue contending that Mindy had failed to present "an emergency or exigent circumstances for having the former family home partitioned immediately," and that Troy would be "severely prejudiced if no continuance [was] granted." Contrary to Troy's contention that Mindy was "unable to demonstrate any hardship that would have resulted from a continuance," the record suggests that the petition to partition was actually precipitated by Troy's failure to timely pay his ordered portion of the mortgage obligation thereby creating the possibility of the property facing foreclosure and/or jeopardizing either party's ability to re-qualify for refinancing in the future.[5] Counsel for Mindy advised the court that Mindy had originally been approved to refinance the home in January 2017, but that opportunity had been lost when the parties were unable to come to an agreement. Mindy subsequently re-qualified to refinance and the date for the refinance closing was set for August 1, 2017, ten days after the trial of the partition. At that point, all required documentation had been presented to the mortgage company except for an order from the court (and the appraisal, which was due that same day). It was undisputed that Mindy and the children lived together in the former family home and that the children attended public schools located in the local school district where the home is situated. In the event Troy's motion for continuance was granted and the partition proceedings did not go forward, the August 1, 2017 refinancing date would have been lost and Mindy would have been faced with the possibility of not being allowed to remain in the home (if the property was later foreclosed upon due to Troy's inability or failure to continue to pay his portion of the monthly mortgage), and the children would have been subject to having to attend schools in another district to their detriment.
The record indicates that the sole issue being presented to the trial court for determination in the partition proceedings was which of the two parties, Mindy or Troy, could demonstrate the ability to, and should be entitled to, refinance the former family home. Any issues regarding reimbursement, offsets, or equalizing payments due as result of the refinancing or partition of the property were not before the court. Under the circumstances, given the limited scope of the proceeding, Troy's counsel failed to show that additional preparation time was needed.
Moreover, the two cases he relied upon in support of his argument that the trial court erred in refusing to grant the continuance, namely, Norwood v. Winn Dixie, 95-2123 (La. App. 1 Cir. 5/10/96), 673 So.2d 360 and Halley v. Halley , 457 So.2d 108 (La. App. 2d Cir. 1984), are factually inopposite. In Norwood , a workers' compensation claim, the employee's counsel withdrew from the case two weeks prior to trial. The employer subsequently filed a motion for summary judgment, which was served on the employee by mail *745 and a copy sent to the employee's former counsel. On the day prior to trial, the employee faxed a letter to the hearing officer requesting a continuance on the basis that he was unrepresented. The motion for continuance was denied. The employee failed to appear for trial, and the employer's motion for summary judgment was granted. On appeal, the court reversed finding the hearing officer had abused his discretion in failing to continue the hearing because there was no evidence in the record that the employee was aware that his counsel had withdrawn, that he had received the motion for summary judgment filed after his counsel had withdrawn, or that he was ever served with the motion for summary judgment. The court determined that fairness and due process dictated that the employee be given an opportunity to have his claim heard. In the instant case, though Troy's former counsel withdrew only days prior to trial, the record reflects that the issue of partitioning the co-owned property had been pending for over a month, albeit originally as the subject of a rule to show cause. Moreover, unlike the employee in Norwood , Troy was represented by counsel at the trial of the partition and he was given an opportunity to testify on his own behalf.
In Halley , defendant's counsel withdrew one day before trial. That same day, defendant filed a written motion in proper person requesting a continuance. Defendant introduced into evidence a letter showing she had retained an attorney, and that a reasonable period of time was needed to prepare for trial. The trial court denied the motion. The defendant renewed the motion in court on the day of trial; it was denied and she proceeded unrepresented. The appellate court reversed finding that the court's refusal to grant the continuance had effectively denied the defendant her day in court. In the case sub judice , Troy did not go unrepresented at the trial of the partition. His new counsel of record was present and was able to cross-examine Mindy. Additionally, Troy was present to testify on his own behalf with the assistance of his counsel.
Based on the record before us, we find no abuse of discretion in the trial court's ruling denying Troy's motion for continuance. This assignment is without merit.
DECREE
For the reasons assigned, we find no error in the trial court's judgment.
AFFIRMED

Despite allegations contained in Troy's brief on appeal that his motion to continue the July 21, 2017 hearing sought "additional time to ... file an Answer, as well as any other responsive pleadings," the motion to continue contained in the record is devoid of any reference to the need for additional time to prepare an answer or other responsive pleadings in the matter.

The trial court granted Troy's motion to continue, in part, as to the hearing on the La. C.C.P. art. 3945 motion for emergency ex parte sole custody and the pending rule for contempt, which matters were continued to September 22, 2017 by consent of the parties.

In further support of his position that the filing of an answer was required prior to setting the matter for trial, Troy cites Rule 9.14 of the Local Rules of Court, which provides:
All cases that have been allotted and all proceedings in connection therewith may, at the discretion of the Division Judge, be set for trial upon written motion filed by the attorney seeking such trial. In this instance, the motion to set shall be accompanied by a certificate that all parties have answered or preliminary defaults have been taken against them, including third-party defendants, all depositions and discovery have been completed, all exceptions and preliminary matters have been disposed of, and the matter is ready for a pretrial conference or to be set for trial.
Alternatively, after the completion of a sufficient amount of discovery that allows the lawyer/parties to reasonably anticipate the length of the trial, any party may seek a status conference for the purpose of selecting a trial date appropriately in the future, as well as cut off dates for witness lists, expert reports, and discovery. At this status conference a date for a pretrial conference to occur shortly before trial may also be selected. The dates selected will be reduced to a scheduling order signed by the parties and the court.

The record does reflect that counsel for Troy filed a motion to continue the hearing on the basis that she had only been retained three days prior to the hearing and needed additional time to "prepare a defense or to file the proper oppositions ..."

A motion for contempt was pending against Troy that same day based upon his failure to make timely mortgage payments as ordered.