STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0998

ALLEN McMILLIAN

VERSUS

MICHAEL BREEN, ET AL

*Judgment Rendered:* AUG 0 2 2019

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2007-16388

The Honorable William H. Burris, Judge Presiding

* * * * * * * *

Byard Edwards, Jr.                      Counsel for Plaintiff/Appellant
Hammond, Louisiana                      Michael Breen

John M. Dubreuil                        Counsel for Defendant/Appellee
Covington, Louisiana                    Sarah McMillin, aka Sarah McMillian,
                                        as the independent administratrix of the
Charles M. Hughes, Jr.                  succession of Alan K. McMillian, aka
Mandeville, Louisiana                   Alan K. McMillin, aka Allen McMillian,
                                        aka Allen McMillin

Scott H. Fruge
Baton Rouge, Louisiana

* * * * * * * *

BEFORE: GUIDRY, CRAIN, AND THERIOT, JJ.

Guidry, (J). Dissents and assigns reasons.

**THERIOT, J.**

Michael Breen appeals the February 21, 2018 judgment of the Twenty-Second Judicial District Court granting the motion to withdraw funds from the registry of the court filed by Sarah McMillin, as independent administratix of the succession of Allen McMillin. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 8, 2001, Allen McMillin[1] filed a petition for damages in the Twenty-First Judicial District Court ("21st JDC"), naming Michael Breen and Breen Chiropractic Corporation as defendants. Mr. McMillin alleged that on June 11, 2000, he was rendered quadriplegic after diving head first into the Tangipahoa River and striking rubble or other foreign objects that were in the river. The river was located at the rear of property Mr. McMillin was renting from Mr. Breen. Mr. McMillin alleged that the rubble, which included concrete and wood, had been deposited into the river by Mr. Breen.

Mr. Breen was personally served with the citation and petition on September 10, 2001.[2] Mr. Breen did not file an answer to the petition or respond to the lawsuit. On October 30, 2003, the trial court entered a preliminary default against Mr. Breen and Breen Chiropractic Corporation. Subsequently, on July 26, 2004, following a hearing pursuant to La. Code Civ. P. art. 1702(A), the trial court entered a default judgment in Mr. McMillin's favor and against Mr. Breen for $8,585,235.53. The default judgment was affirmed on appeal and is a final judgment. See McMillin v. Breen, 2005-0732 (La. App. 1 Cir. 3/29/06); 925 So.2d 776, writ denied, 2006-1817 (La. 11/9/06); 941 So.2d 41.

---

[1] Mr. McMillin has also been referred to as Allen McMillian, Alan K. McMillian, and Alan K. McMillin, throughout these proceedings.

[2] Mr. Breen has admitted in federal proceedings that he was personally served with the citation and petition. See Breen v. McMillin, No. 08-1089, 2008 WL 2224864, at *2-4 (E.D. La. May 27, 2008).

2

Since the default judgment became final, both parties have filed extensive pleadings. The actions relevant to the current proceedings are as follows. On January 11, 2007, Mr. McMillin filed a petition to make the judgment executory and for a writ of fieri facias in the 21st JDC, seeking the seizure and sale of certain property owned by Mr. Breen and located in Tangipahoa Parish. Similarly, on November 27, 2007, Mr. McMillin filed a petition to make the judgment executory and for writ of fieri facias in the Twenty-Second Judicial District Court ("22nd JDC"), seeking the seizure and sale of property owned by Mr. Breen and located in St. Tammany Parish.

On April 30, 2008, Mr. McMillin filed another petition for writ of fieri facias in the 22nd JDC, seeking to enforce the default judgment directing the St. Tammany Parish sheriff to seize and sell Mr. Breen's property in that parish. Mr. McMillin alleged that Mr. Breen owned 100% of the issued and outstanding stock in Breen Chiropractic Corporation, a corporation domiciled in St. Tammany Parish. On May 1, 2008, the 22nd JDC ordered the same.

On March 11, 2009, Mr. McMillin died. His daughter, Sarah McMillin, was later appointed independent administratix of his estate.

On May 19, 2009, Mr. Breen filed an exception of lis pendens with the 22nd JDC, alleging that the suit pending in the 21st JDC barred prosecution of Mr. McMillin's suit seeking seizure and sale of Mr. Breen's property in St. Tammany Parish. Although it appears that Mr. Breen's exception of lis pendens was originally recorded with the office of the clerk of court for the 22nd JDC, the lis pendens was later cancelled on October 17, 2016.

On September 28, 2009, Mr. Breen filed a petition to nullify the 2004 default judgment in the 21st JDC, alleging improper service of process.[3]

---

[3] This petition was deemed abandoned as of October 27, 2012 pursuant to a September 13, 2017 judgment of dismissal for abandonment.

3

On January 29, 2015, Ms. McMillin, as independent administratix of Mr. McMillin's estate, filed an ex-parte motion in the 22nd JDC asking the court to order Mr. Breen to turn over accounts of Breen Chiropractic Corporation and Michael Breen to the registry of the court. On January 30, 2015, the trial court signed an order granting that motion.

On September 22, 2016, Ms. McMillin filed an ex parte motion in the 22nd JDC, asking the trial court to order the State of Louisiana's Department of Treasury, Unclaimed Property Division ("Unclaimed Property Division") to turn over funds in the division's possession that had originally belonged to Mr. Breen. This order was granted and signed on the same date.

On August 9, 2017, Ms. McMillin filed a motion to withdraw funds from the registry of the court in the 22nd JDC. This motion referred to $182,326.11 that had been deposited into the court's registry by Citizens Bank and Trust Company, and $141,041.76 that had been deposited into the court's registry by the Unclaimed Property Division.[4] Ms. McMillin asked the court to release the funds in its registry to her as partial satisfaction of the 2004 default judgment against Mr. Breen.

In an order signed October 6, 2018, the 22nd JDC ordered funds totaling $140,057.88, which were seized pursuant to the writ of fieri facias issued on May 1, 2008 and a subsequent order to seize bank accounts dated August 11, 2008, and deposited into the court's registry, to be paid to Ms. McMillin in partial satisfaction of the judgment. This same order acknowledged funds that were taken from the Breen Chiropractic Clinic and ordered that those funds, which had also been seized

---

[4] The unclaimed funds were returned to the St. Tammany Parish Clerk of Court pursuant to La. R.S. 9:167.

4

by the court, were to remain on deposit in the registry of the court until further order of the court.[5]

On December 1, 2017, Mr. Breen filed a petition to nullify the original default judgment against him, alleging that the default judgment was based on insufficient service. This petition was filed in the 22nd JDC, but referenced a petition to nullify the same judgment that was pending in the 21st JDC. However, as previously stated, Mr. Breen's September 28, 2009 petition to nullify the default judgment, which was filed in the 21st JDC, was abandoned. The December 1, 2017 petition appears to still be pending, but is not before us on appeal.

On January 22, 2018, Ms. McMillin filed another motion to withdraw funds from the registry of the court in the 22nd JDC. In this motion, Ms. McMillin sought the funds that had been seized from the Breen Chiropractic Clinic, which remained on deposit in the registry of the court.

On February 8, 2018, the 22nd JDC ordered that the money being held for the chiropractic practice be paid to Ms. McMillin. This judgment, which did not include a Rule 9.5 certificate, was vacated on the same day.

On February 15, 2018, Mr. Breen filed a proposed judgment and a request for reconsideration of the February 8, 2018 judgment in the 22nd JDC, in which he again alleged that the 2004 default judgment was an absolute nullity. Further, Mr. Breen referenced a May 9, 2009 lis pendens that was filed in the 21st JDC, and alleged that he was entitled to have his exception of lis pendens granted because the matter could only be heard in the 21st JDC.

On February 21, 2018, the trial court granted a second order, requiring the chiropractic funds in the court's registry to be paid to Ms. McMillin. The February 21, 2018 judgment includes a Rule 9.5 certificate. This appeal followed.

---

[5] These funds were listed as four separate amounts ($12,326.11; $50,000; $50,000; and $70,583.88) which total $182,909.99 – the same total later awarded to Ms. McMillin in the February 8, 2018 judgment, which was vacated, and the subsequent February 21, 2018 judgment.

## ASSIGNMENTS OF ERROR

Mr. Breen assigns the following as error:

(1) Denial of the motion to continue while his attorney was in severe pain from his spinal injuries and awaiting surgery and denial of the motion to continue based on his allegations of lack of legal service which allegations were denied without consideration.

(2) Refusal of the court to hear Appellant's motion set on the February 8, 2018 docket and postponing his argument until July.

(3) Notice of lis pendens was ignored.

(4) Granting the motion to withdraw funds from the court and then vacating that judgment, in house, on February 8, 2018 without notice to Appellant or his attorney of record.

(5) Signing and submitting a subsequent motion to withdraw funds submitted February 21, 2018 without notice to the Appellant or his attorney of record.

(6) Denial of Appellant's proposed judgment and request for reconsideration submitted February 15, 2018.

(7) Failure of the clerk's office to file the appeal on the correct judgment because of the illegal action of the court.

(8) Failure of the court to require proper service on all above matters.

## STANDARD OF REVIEW

Appellate review of questions of law is simply to determine whether the district court was legally correct. *Shields v. Alvin R. Savoie & Associates, Inc.*, 2017-0602 (La. App. 1 Cir. 11/1/17); 233 So.3d 694, 697. Questions of law are reviewed by this court under the *de novo* standard of review. *In re E.W.*, 2009-1589 (La. App. 1 Cir. 5/7/10); 38 So.3d 1033, 1038.

A continuance may be granted in any case if there is good ground therefor. La. Code Civ. P. art. 1601; *Norwood v. Winn Dixie*, 95-2123 (La. App. 1 Cir. 5/10/96); 673 So.2d 360, 362. The court has wide discretion in acting upon a motion for continuance on non-mandatory grounds. *Norwood*, 673 So.2d at 362. Its ruling will not be disturbed on appeal in absence of a clear showing of abuse of that discretion. *Id.*

6

**Assignment of Error #1**

In his first assignment of error, Mr. Breen asserts that the trial court erred in denying his motion to continue the February 8, 2018 hearing when Mr. Breen's attorney was preparing to undergo surgery. Mr. Breen's brief does not contain any argument relating to why he believes the court's refusal to continue the hearing due to his impending surgery was in error. We note that although Mr. Breen's motion to continue pertained to the February 8, 2018 hearing, Mr. Breen's attorney did not have surgery until March 19, 2018, more than five weeks after the hearing. All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed. Rule 2-12.4(B)(4), Uniform Rules of Louisiana Courts of Appeal. See also *Louisiana Commerce & Trade Ass'n, SIF v. Williams*, 2014-1680 (La. App. 1st Cir. 6/5/15), 174 So.3d 696, 699 ("We may consider as abandoned any assignment of error or issue for review which has not been briefed."). Accordingly, we consider this argument to be abandoned.

Mr. Breen further argues that the trial court erred in denying his motion to continue based on his allegations of lack of legal service. Although Mr. Breen repeatedly alleges improper service throughout his appellate brief, it is unclear what pleading he is referring to in this particular assignment of error. To the extent that Mr. Breen is alleging improper service of the 2001 lawsuit, we reiterate that the default judgment against Mr. Breen was affirmed by this court in *McMillin v. Breen*, 2005-0732 (La. App. 1 Cir. 3/29/06); 925 So.2d 776, *writ denied*, 2006-1817 (La. 11/9/06); 941 So.2d 41. We further reiterate that Mr. Breen has admitted that he was personally served, while also alleging that he has no independent recollection of the service. See *Breen v. McMillin*, No. 08-1089, 2008 WL 2224864, at *2-4 (E.D. La. May 27, 2008). Thus, insofar that this assignment

of error pertains to the 2001 petition and 2004 default judgment, this assignment of error lacks merit. To the extent that this assignment of error refers to any other service, Mr. Breen's appellate brief does not brief any such argument. Therefore we deem the assignment of error to be abandoned pursuant to Rule 2-12.4(B)(4) of the Uniform Rules of Louisiana Courts of Appeal.

## Assignments of Error #2, #6, and #7

Mr. Breen's appellate brief does not contain any argument pertaining to his second, sixth, or seventh assignments of error. We therefore consider these assignments of error to be abandoned pursuant to Rule 2-12.4(B)(4) of the Uniform Rules of Louisiana Courts of Appeal.

## Assignment of Error #3

In his third assignment of error, Mr. Breen asserts that the trial court ignored his notice of lis pendens. The record contains a February 1, 2018 exception of lis pendens filed by Mr. Breen. This exception of lis pendens refers to two separate petitions to nullify judgment. The first is a September 30, 2009 petition to nullify judgment filed in the 21st JDC, under the docket number 2009-0003444. The second is a petition to nullify judgment filed in the 22nd JDC, under docket number 2007-16388. In this exception, Mr. Breen asserted that the judgment sought to be nullified was rendered in the 21st JDC and therefore, the action for nullity must also be brought in the 21st JDC. Accordingly, Mr. Breen sought to have the matter pending in the 22nd JDC dismissed or transferred to the 21st JDC.

Mr. Breen asserts that the trial court erred in ignoring his notice of lis pendens. However, at the February 8, 2018 hearing, Mr. Breen's attorney specifically requested that he be able to re-brief his exceptions (including his exception of lis pendens) at a later date. The trial court agreed and stated that the exceptions would be heard on March 8, 2018. Accordingly, the trial court did not ignore Mr. Breen's notice of lis pendens. This assignment of error lacks merit.

8

**Assignment of Error #4**

In his fourth assignment of error, Mr. Breen argues that the trial court erred in granting the February 8, 2018 motion to withdraw funds, and then vacating that judgment on the same day without notifying Mr. Breen or his attorney.[6] Mr. Breen asserts that he was told by the clerk's office that the judgment was vacated "in house" and that no notification was sent to Mr. Breen's attorney.

According to Ms. McMillin, the February 8, 2018 judgment was immediately vacated in open court and the new proposed order was then circulated and submitted. This is consistent with a letter sent by the deputy clerk of the 22nd JDC to Ms. McMillin's attorney, which is attached to Mr. Breen's appellate brief, and which advises that the February 8, 2018 order on the motion to withdraw funds from the registry court was vacated by the trial court judge.

We first address whether the trial court erred in vacating the February 8, 2018 order granting Ms. McMillin's motion to withdraw funds. Generally, the amendment of a final judgment is governed by La. Code Civ. P. art. 1951, which provides:

> On motion of the court or any party, <u>a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation.</u> The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or <u>if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.</u> (Emphasis added.)

This article contemplates the correction of a "clerical error" in a final judgment. *Bourgeois v. Kost*, 2002-2785 (La. 5/20/03); 846 So.2d 692, 695. Thus, the judgment may be amended by the court where the amendment takes nothing from

---

[6] Although Mr. Breen asserts that the trial court erred in granting the motion to withdraw funds, he provides no argument pertaining to this portion of this assignment of error. The only mention of the merits of this case in Mr. Breen's brief is his assertion that he was not given the opportunity to present any evidence on why the motion to withdraw funds should not be granted at the February 8, 2018 hearing. This is incorrect. Mr. Breen's attorney had ample opportunity to argue this issue at the February 8, 2018 hearing but chose not to address the merits. We find that any argument pertaining to the merits of why the motion to withdraw funds was granted has been abandoned pursuant to Rule 2-12.4(B)(4).

9

or adds nothing to the original judgment. *Bourgeois*, 846 So.2d at 695. An amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. *Suprun v. Louisiana Farm Bureau Mut. Ins. Co.*, 2009-1555 (La. App. 1 Cir. 4/30/10); 40 So.3d 261, 268. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. *Suprun*, 40 So.3d at 268. For example, a change in a judgment which alters the amount of relief that a party is entitled to receive is a substantive change. *Terry v. Terry*, 612 So.2d 808, 809 (La. App. 1 Cir. 12/23/92). See also *Denton v. State Farm Mut. Auto Ins. Co.*, 2008-0483 (La. 12/12/08); 998 So.2d 48, 52-53; *O'Brien v. Hoff*, 2008-520 (La. App. 5 Cir. 3/24/09); 10 So.3d 802, 805.

This same article has been utilized in instances where the trial court vacates a judgment and renders a new judgment. See *Bourgeois*, 846 So.2d 692; see also *JCM Const. Co., Inc. v. Orleans Parish School Bd.*, 2002-0824 (La. App. 4 Cir. 11/17/03); 860 So.2d 610, *writ denied*, 2004-0059 (La. 4/30/04); 871 So.2d 1122.[7] Thus, we must determine whether the changes made in the February 21, 2018 judgment were substantive.

There are three differences between the February 8, 2018 judgment and the February 21, 2018 judgment. The first difference between these two judgments is that the February 21, 2018 judgment includes a Rule 9.5 certificate, which certified that the proposed order was circulated to counsel for Mr. Breen via facsimile on February 8, 2018, that a copy of the order was also forwarded to counsel for Mr.

---

[7] In *Bourgeois* and *JCM Const. Co., Inc.*, it was determined that the respective trial courts lacked authority to vacate a first judgment and render a second judgment because the changes made in both cases were substantive.

Breen via Federal Express on February 8, 2018, that at least five working days had elapsed before presentation to the court, and that no opposition had been received.[8]

The second difference is that while the February 8, 2018 judgment contains a list of four specific sets of funds that were deposited into the court's registry as property of Breen Chiropractic Corporation or Michael Breen, as well as the total amount of those funds, the February 21, 2018 judgment contains the list of four specific sets of funds but does not include the total.

The third and final difference between these two judgments is that the February 8, 2018 judgment includes the language "the Clerk of Court is hereby ordered to immediately pay said funds in the amount of $182,909.99," whereas the February 21, 2018 judgment states "the Clerk of Court is hereby ordered to immediately pay all funds remaining in the Registry of the Court," without providing the total amount of funds to be paid out to Ms. McMillin.

The addition of a Rule 9.5 certificate corrected a clerical error in the February 8, 2018 judgment, which failed to include a Rule 9.5 certificate. As to the failure of the February 21, 2018 judgment to include the total amount of money to be withdrawn, we note that the four amounts listed in the February 21, 2018 judgment add up to the same total included in the February 8, 2018 judgment. Additionally, per an order signed on October 6, 2017 regarding Ms. McMillin's previous motion to withdraw funds from the court's registry, it appears that the funds remaining in the court's registry total $182,909.99, as stated in the vacated February 8, 2018 judgment and as implied in the February 21, 2018 judgment.

---

[8] Louisiana District Court Rules Rule 9.5(b) requires the following of judgments, orders, and rulings not presented to the judge for signature when rendered, but presented later:

> [T]he responsible attorney or the self-represented party shall circulate the proposed judgment, order, or ruling to counsel for all parties and to self-represented parties and allow at least five (5) working days for comment before presentation to the court. When submitted, the proposed judgment, order, or ruling shall be accompanied by a Rule 9.5(b) certificate stating: the date of mailing; the method of delivery of the document to other counsel of record and to self-represented parties; whether any opposition was received; and the nature of the opposition.

11

Accordingly, we find that the changes made in the February 21, 2018 judgment are not substantive. The February 21, 2018 judgment did not alter the amount of relief that Ms. McMillin was entitled to receive, nor does the February 21, 2018 judgment alter the court's ruling on whether Ms. McMillin was entitled to have the money withdrawn from the court's registry. See *In Re Succession of Cannata*, 2014-1546 (La. App. 1 Cir. 7/10/15); 180 So.3d 355, 371, *writ denied*, 2015-1686 (La. 10/30/15); 180 So.3d 303.

As to whether Mr. Breen and his attorney were notified that the February 8, 2018 judgment had been vacated, we again note that Mr. Breen attached to his brief a letter from the deputy clerk of the 22nd JDC, which was addressed to one of Ms. McMillin's attorneys, advising that the February 8, 2018 order on motion to withdraw funds from the registry court was vacated by the trial court judge. This same letter is also contained within the record. Mr. Breen alleges that he was informed by the clerk's office that the February 8, 2018 judgment was vacated in-house, and thus no notification was sent. However, it is clear from the record that Ms. McMillin's attorneys received notice that the judgment was vacated, which indicates that notification was sent. Mr. Breen's primary concern regarding notice that the February 8, 2018 judgment was vacated appears to be that the alleged lack of notice caused him to appeal the incorrect judgment. Despite this assertion, Mr. Breen is currently before this court on appeal of the proper judgment – the February 21, 2018 judgment. Considering the aforementioned, we find that this assignment of error lacks merit.

**Assignment of Error #5**

In his fifth assignment of error, Mr. Breen argues that the trial court erred in signing and submitting a subsequent motion to withdraw funds submitted on February 21, 2018, without notifying Mr. Breen or his attorney.

12

The record contains a February 20, 2018 letter from one of Ms. McMillin's attorneys informing the trial court that, pursuant to the ruling on February 8, 2018, both parties had submitted proposed judgments and requesting that the trial court sign the order that the trial court finds to be appropriate. This letter was also sent to Mr. Breen's attorney. Further, the record contains a February 15, 2018 fax from Mr. Breen's attorney to Ms. McMillin's attorney, followed by Mr. Breen's proposed judgment and request for reconsideration; the certification of service on that proposed judgment and request for reconsideration is dated February 15, 2018.

Finally, the Rule 9.5 Certificate attached to the February 21, 2018 judgment certified that the proposed order was circulated to counsel for Mr. Breen via facsimile on February 8, 2018, that a copy of the order was also forwarded to counsel for Mr. Breen via Federal Express on February 8, 2018, that at least five working days had elapsed before presentation to the court, and that no opposition had been received. Thus, we find that Mr. Breen did have notice of the judgment, signed February 21, 2018. This assignment of error lacks merit.

**Assignment of Error #8**

In his eighth assignment of error, Mr. Breen argues that the trial court failed to require proper service on all above matters. Considering our findings for assignments of error #4 and #5, we find that the trial court did require proper service on the matters before us on appeal. To the extent that Mr. Breen is referring to the service of the original 2001 petition, we again note that the default judgment against Mr. Breen was affirmed by this court in *McMillin*, 925 So.2d 776, and that Mr. Breen previously admitted to being personally served. See *Breen v. McMillin*, 2008 WL 2224864, at *2-4. This assignment of error lacks merit.

**DECREE**

For the above and foregoing reasons, the judgment of the Twenty-Second Judicial District Court granting the motion to withdraw funds from the registry of

the court filed by Sarah McMillin, as independent administratix of the succession of Allen McMillin is affirmed. Costs of this appeal are assessed to Appellant, Michael Breen.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2018 CA 0998

ALLEN McMILLIAN

VERSUS

MICHAEL BREEN, ET AL

GUIDRY, J., dissents and assigns reasons.

GUIDRY, J., dissenting.

I respectfully disagree with the opinion reached by the majority. It is my opinion that the change in phraseology between the February 8th and the February 21st judgments constitutes a substantive change and would require further action before being vacated. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. *Suprun v. Louisiana Farm Bureau Mut. Ins. Co.*, 09-1555 (La. App. 1 Cir. 4/30/10); 40 So.3d 261, 268. Neither of the required motions were filed before the vacating of the judgment at issue, therefore I do not believe the trial judge was acting within his authority when he vacated the February 8th judgement. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in Code of Civil Procedure Article 1951. Article 1951 limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for

1

a new trial or by appeal, to be absolute nullities. <u>Bourgeois v. Kost</u>, 02-2785 (La. 5/20/03), 846 So. 2d 692, 696.

Specifically, I find that changing the language in the judgment from the specific amount of $182,99.99 to "the total amount in the registry of the court", an undeterminable amount absent viewing an outside document, is substantive, and further brings the question of whether the February 21st judgment is in fact a final appealable judgment. The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. <u>Advanced Leveling & Concrete Sols. v. Lathan Co., Inc.</u>, 17-1250 (La. App. 1 Cir. 12/20/18), 268 So. 3d 1044, 1046. For these reasons, I respectfully dissent.